JAMES T. BICKFORD *vs.* METROPOLITAN STEAMSHIP COMPANY.

Carriers, who have agreed with the consignee of goods to store them for him for a certain time, have a right, if he does not come for them within that time, to deliver them to a responsible warehouseman and thus discharge their own liability; and, in an action by the consignee against them for the warehouseman's negligence, the jury may be justified in finding that the warehouseman was his agent and not theirs, although they gave him an order on the warehouseman for the goods, and although the warehouseman paid the freight to them, and, on being repaid the freight and paid for storage by the consignee, gave him as a receipt a bill of freight signed by them. ,

CONTRACT to recover the value of goods alleged to have been lost by negligence of the defendants, who were common carriers. Trial in the superior court, before *Putnam*, J., who after a verdict for the defendants allowed the following bill of exceptions :

" It appeared that the plaintiff delivered several boxes, in one of which were the goods in question, to the defendants in New York, to be shipped to Boston ; that they arrived in Boston on April 13, and the plaintiff was notified on April 15, called on that day at the defendants' wharf, found that the boxes were landed, and asked permission of the defendants that the goods might remain in their charge until his house could be got in readiness ; that, upon inquiry as to how long that would be, the plaintiff said four or five days, to which the defendants assented ; that the defendants kept the goods in their storehouse until April

21, when, nothing having been heard from the plaintiff, they sent the boxes with the bill of freight, making no charge for storage, to the warehouse of William Bradbury; that the plaintiff, when his house was ready, called on the defendants, on April 22, was told where the boxes were, and took the following order, signed by their agent: 'April 22, 1868. Mr. Bradbury. Please deliver bearer the furniture stored on account of James T. Bickford, he paying all charges;' that the plaintiff took the order to Bradbury, paid his bill for storage and the freight bill, and received the following receipt, being the bill of freight sent to Bradbury with the goods: 'Boston, April 11, 1868. Mr. James T. Bickford. To the Metropolitan Line of Steamers, Dr. For freight from New York to Boston of the following merchandise: [Here followed a description of the boxes, and a statement of the amount due to the defendants on the goods.] Received payment for the company, Waldo A. Pierce;' that Pierce was the agent of the defendants and authorized to sign such receipts; that this was the first and all that the plaintiff knew of Bradbury; that the order was then given by the plaintiff to an expressman, who took the boxes from Bradbury's warehouse on April 22; and that the plaintiff missed the goods as soon as the boxes arrived at his house.

"There was evidence tending to show that the boxes were in good order when they were sent to Bradbury's warehouse, and were broken open when taken from there; although the testimony on this point was conflicting. Bradbury testified that he was a public warehouseman, received the goods only as such, had no connection whatever with the defendants, and was not employed exclusively by them; that he was sometimes paid directly by them for his storage; that, when they sent the goods to him, they sent their bill of charges for freight of the goods, which he paid; and that, when the plaintiff called for his goods, he paid Bradbury the amount of the bill and his (Bradbury's) bill for storage in his warehouse, and took the aforesaid receipt.

"The plaintiff requested the judge to rule, on this evidence, that Bradbury was, as matter of law, the defendants' agent; and that, if they found that the loss occurred while the goods were at

Bradbury's warehouse, through his negligence, the defendants would be liable for them in this suit. The judge declined so to rule, and left it to the jury to find, as matter of fact, whether Bradbury was the defendants' agent or not, with instructions upon this and other points in the case."

*C. H. Hudson,* for the plaintiff.

*M. F. Dickinson, Jr.,* for the defendants, was not called upon.

MORTON, J. The defendants, as common carriers by sea, were bound to carry the plaintiff's goods safely, and to deliver them to him at their wharf in Boston. If, after notice of their arrival, he did not carry them away within a reasonable time, they had the right to deliver them to a responsible warehouseman and terminate their liability for their safe keeping. In this case, if there had been no contract between the parties, we think the defendants, after waiting six days for the plaintiff to remove his goods, would have been justified in storing them with Bradbury at the risk of the plaintiff.

But, upon receiving notice of the arrival of the goods, the plaintiff made an arrangement with the defendants that the goods might remain in their charge for a time. This contract was by parol, and it was a question of fact for the jury to determine, whether the defendants undertook to keep the goods for a definite period of four or five days, or for an indefinite time until the plaintiff's house could be got in readiness. If the latter, the defendants had no right to store the goods with Bradbury at the risk of the plaintiff, but Bradbury would be their agent. But if they undertook to keep the goods for a definite time, we think, if the plaintiff neglected to call for them at the expiration of that time, the defendants were remitted to their right to deposit the goods with a responsible warehouseman. They were not obliged to retain them at their own risk for an indefinite period. Under such circumstances, they had the right either to deposit the goods with Bradbury at the risk of the plaintiff, or to make him their own bailee. In other words, they might at their election make Bradbury either their own agent or the agent of the plaintiff. *Hamilton* v. *Nickerson,* 11 Allen, 308.

Whether, upon the evidence in the case, he was the agent of the plaintiff or the defendants, was clearly a question of fact. The ruling of the presiding judge at the trial, that this question must be submitted to the jury, was therefore correct.

*Exceptions overruled.*