PROVIDENCE WAREHOUSE COMPANY vs. PROVIDENCE & WORCESTER RAILROAD COMPANY.

A common carrier stored in a warehouse at different times merchandise, the consignees of which could not be found, or refused to receive the goods. The warehouseman paid the freight charges and gave non-negotiable receipts which set forth, in most instances, the receipt of the goods from the carrier, the name of the consignee when marked on the goods, and the amount of freight charges paid; in a few instances the receipt of the goods from the carrier on account of consignee; and in one or two, the receipt of the goods from consignee or owner.

*Held,* that the non-negotiability of the receipts and the recital in them that the goods were received from the carrier did not render the carrier liable as matter of law for the storage charges.

*Held,* further, that the terms of the receipt and the conduct of the parties showed their understanding to be that the warehouseman received the goods as bailee for the owners, and consequently that the carrier was not liable for the storage charges.

DEFENDANT'S petition for a new trial.

*April* 9, 1896.  STINESS, J.   The plaintiff sues in *assumpsit* to recover for the storage of merchandise shipped at different times over the defendant's road and stored in the plaintiff's warehouse, the consignees of which could not be found, or refused to receive the goods.   The plaintiff gave non-negotiable receipts setting forth, in most cases, the receipt of the goods from the defendant, the name of the consignee when marked on the goods, and the amount of freight charges paid by the plaintiff to the defendant.   In a few instances the receipts ran to the defendant on account of consignee, and in one or two the receipt was for goods from consignee or owner.   The plaintiff contends that the receipt is a contract, and as the recital is that the goods were received from the defendant the liability to pay for storage follows because the defendant impliedly stored the goods on its own account, and so should pay the charges.

It is true, in general, that a warehouse receipt is a contract binding the receiptor to safely store and deliver the goods to the proper holder of the receipt, and the depositor to pay storage charges, except in those cases where there is some express agreement or known usage of trade which shows that the parties otherwise intended.   *Fifth National Bank* v. *Providence Warehouse Co.*, 17 R. I. 112.   The decision of the judge, who tried this case without a jury, was practically that it came within the exception stated ; and the plaintiff asks for a new trial, alleging error in the decision, upon the ground that the terms of the receipt make the defendant liable as a matter of law.   The argument is that, the receipt being non-negotiable, there can be no contract with any other party ; that the holder of the receipt is to be presumed to be the owner of the goods stored, and that the employment of a warehouseman implies an agreement to pay his charges.   All this would undoubtedly be true if nothing appeared but the receipt itself.   The argument ignores, however, the attendant facts, and claims that they cannot be considered to vary the *prima facie* liability under the receipt.   But this is not so.   A warehouse receipt is not so

solemn an instrument as to be superior to the facts which create it. Like all other contracts, it must be read according to the intention of the makers. In this case it has been found, as a matter of fact, that it was not intended that the defendant should be liable for storage, and we think that such a finding may be made under the terms of the receipt.

It is well settled that a carrier, upon the default of a consignee, may be relieved from further responsibility by storing the goods in a warehouse for and on account of the owner. *The Thames*, 14 Wall. 98; *North Penn R. R. Co.* v. *Commercial Bank*, 123 U. S. 727; *Bickford* v. *Metropolitan Steamship Co.*, 109 Mass. 151; *Brittan* v. *Barnaby*, 21 How. 527; *Rea* v. *Trotter*, 26 Gratt. 585; *Barker* v. *Brown*, 138 Mass. 340. Such being the right of carriers, the question comes, Were these goods stored for and on account of the owner? The first two receipts specified on whose account the goods were stored. After that, the line " on account " was left blank. The freight charges of the defendant were paid, and in most cases the amount was noted on the receipt. This last fact of itself is quite sufficient to warrant the decision of the trial judge. What inference, other than that the defendant was to be done with the matters, can be drawn from the facts that its custody was ended, its freight paid, and the goods placed in the warehouse? What would be the sense of the plaintiff's payment of freight, if it was to be collected back again from the defendant in the bill for storage? The payment of the freight plainly indicates the discharge of the defendant from further connection with the goods. Its lien was to be transferred to the plaintiff, to be added to the charges to be paid by the owner when he should take the goods, as was done in many other cases arising in this same way. The fact that the receipt is non-negotiable does not affect the matter one way or the other. In *Hamilton* v. *Nickerson*, 11 Allen, 308, it is held that the effect of such a transaction is to discharge the carrier, and to make the warehouseman the bailee of the owner, and that, although the payment of the freight may not be decisive evidence, it is a fact which has a strong tendency to show that the ware-

houseman was made bailee of the consignee or owner. In *Gregg* v. *Illinois Central R. R. Co.*, 147 Ill. 550, where the carrier had stored the goods in its own name subject to the lien for freight charges, it was held that the warehousemen were agent of the owner and not of the carrier. We think that the receipt does not, as a matter of fact, make the defendant liable for the storage, but that the liability depends upon the understanding of the parties; that their conduct shows an intention to free the defendant from further liability, and that the plaintiff did become the bailee of the owner, looking to such owner and to the goods for his charges. The decision of the case was therefore correct, and the petition for a new trial is denied.

*Samuel T. Douglas*, for plaintiff.

*Stephen O. Edwards & Walter F. Angell*, for defendant.