Adlow, J.
This is an action of tort, in which the plaintiff seeks to recover damages for the conversion of four tanks. The writ was dated February 16, 1938. There was evidence that in 1929 the plaintiff’s assignor, one Lander, sold and delivered four tanks to the defendant who made partial payment on same. As a result of a dispute with respect to the tanks the plaintiff returned to the defendant the money paid on account of the purchase price. The; tanks were never returned to the plaintiff. There was evidence that at the time the money was refunded the defendant asked Lander when he would remove the tanks, and that Lander requested time to see “if the matter could be straightened out”. Shortly thereafter an action was commencced against Lander in which the defendant was named as trustee of the tanks. These tanks remained in the possession of the- *85 trustee as such until October 29, 1932 when the trustee was discharged. There was evidence that subsequently, to wit, in October or November, 1932, Lander called Spear on the phone and asked when he could send for the tanks and that Spear answered that he did not have them and to forget them and that a similar conversation took place later. There was also evidence to the effect that Lander sent the following letter to Spear on November 7,1932:
“N. W. Spear,
101 Bristol Street,
Boston, Mass.
Dear Sir:
Tour attitude towards me regarding the tanks comes as quite a jolt and does not justify the confidence placed in you.
I must insist that you inform me by return mail what has become of this equipment. The fact that it is not paid for is no concern of yours since you did not pay for them.
If you have any idea that I am going to drop this matter, it is not so.
Tours truly,
Stanley K. Lander
203 Winthrop Road,
Brookline, Mass.”
There was further evidence to the effect that on February 28, 1933 the defendant moved his business and having no room for the tanks sent them to the Heavetex Company for storage where the plaintiff has since seen them.
The defendant denied that he had ever refused to return the tanks in any telephone conversation with Lander. He denied receiving the letter dated November 7, 1932. The Court expressly found that the defendant did not refuse to *86 deliver the tanks to Lander on any occasion, that it did not appear from the letter of November 7, 1932 whether it was a demand for the tanks or the money, and that the conduct of the defendant in turning the tanks over to the Heavetex Company for storage was reasonable under the circumstances and that in so going the defendant did not exercise any dominion over the tanks adverse to the plaintiff’s rights.
The plaintiff’s right to recover can only be predicated on either of the following situations :
(1) That a demand was made upon the defendant for the return of the tanks which he refused, Hellier v. Achorn, 255 Mass. 273, or
(2) That the transfer of the tanks to the Heavetex Company was made with the intention of depriving the plaintiff of his interest in them. Lancaster v. Stanetsky, 221 Mass. 312.
The findings of fact made by the Court with respect to the telephone calls reduce the issue to the question whether the letter of November 7, 1932 constitutes a demand. The Court does not expressly find that the letter was sent and while the finding is equivocal it is apparent that the Court stated that if it was sent “it does not appear from the letter whether the plaintiff wanted the tanks or compensation”. We are aware of no decisions which would require a Court to hold that the letter of November 7, 1932 was a sufficient demand to support a claim for conversion. Nor does the finding of fact of the Court require it. The cases cited by the plaintiff are not in point.
The contention of plaintiff that the bringing of the writ constituted a demand cannot avail him since the tanks at the time of the bringing of this action were no longer in the possession or control of the defendant, Deyoung v. Frank A. Andrews, 214 Mass. 47. We are left with the con *87 duct of the defendant with respect to the delivery of the tanks to the Heavetex Company in February 1933. The Court, has found that the act was reasonable and that in so acting the defendant did not exercise any dominion adverse to the plaintiff. The defendant was clearly within his rights. In the absence of an express agreement to hold articles for a definite time a bailee may deposit the goods with a third party for safekeeping. Bickford v. Metropolitan-Steamship Co., 109 Mass. 151.
Report dismissed.