Moncure, P.
delivered the opinion of the court.
The court is of opinion, that Mr. John J. Williams was a competent witness for the plaintiffs, notwith *591 standing Ms relation to them as their attorney in the cause; and therefore the Circuit court did not err in overruling the defendants’ objection to the competency of said witness, and in admitting the said witness, as stated in the defendants’ bill of exceptions, No. 1.
The court is further of opinion. that the Circuit court did not err in overruling the defendants’ objection to the papers marked A and C, referred to in the defendants’ bill of exceptions, No. 2, offered in evidence by the plaintiffs, through the witness, John J. Williams, in the order and connection appearing from his testimony, as stated in the certificate of facts proven, and in admitting the said papers in evidence, as stated in the said bill of exceptions. Paper A was the defendants’ receipt for the tobacco mentioned in the declaration, and was not only admissible, but was most important evidence in the ease, though not all the evidence. It does not set out the terms on which the tobacco was received, which, however, appeared from the other evidence in the case in connection with the receipt. The receipt was a link in the chain of evidence, tending to prove the plaintiff’s case. Paper 0 was, in effect, an account rendered by the defendant to the plaintiffs of the sale made by the former of the latter’s tobacco, and was original and not secondary evidence, although it was copied from the book of Rea. The copy was made in the presence and by the consent of Rea, though made by the plaintiff’s counsel^ whose act was, in effect, the .act of Rea. It was an account rendered, and was no more secondary evidence, than is any other account rendered, which is almost always copied from a book. The evidence consists in the rendition of a certain account, which fact is original evidence, though the account be acopyfrom a book.
*592 The court is further of opinion, that the Circuit court did not- err in giving to the jury the instruction No. 1, moved for by the plaintiff’s counsel, viz: “ That they must determine from the acts, agreements, eonversations and writings, circumstances and relations of the plaintiffs and William J. Rea; in short, from the whole evidence, what the contract was between said parties.” The effect of the instruction was the same as if it had been: “ the jury must determine from the whole evidence what the contract was between said parties.” Had it been in that form, the propriety of it would not have been denied. .
The court is further of opinion, that the Circuit court did not err in giving to the jury the instruction Ho. 2, moved for by the plaintiff’s counsel, viz: “That when one receives from another goods in store, and nothing is said between the parties as to pay for such storage, the law implies a contract that the party who receives the goods in store shall be paid a reasonable compensation therefor.” Where service is performed by one, at the instance and request of another, and especially where that other is personally benefitted by the service, and nothing is said between the parties as to compensation for such service, the law implies a contract, that the party who performs the service shall be paid a reasonable compensation therefor, unless there be something in the relation of the parties or the circumstances of the case which precludes the idea of such compensation; in which case there would be an implied agreement or understanding that no such compensation was to be paid. This is an undeniable principle of law, which applies to almost every case of assumpsit on a quantum meruit. The court in such case charges, that the service was performed hy the plaintiff at the special instance and request of the defendant *593 who, in consideration thereof, promised to pay to the plaintiff as much as he reasonably deserved to have therefor. And proof that such service was performed at such instance and request, without more, will sustain the court, and entitle the plaintiff to recover in damages whatever amount he may prove the service to be reasonably worth. If it appear from the evidence that the service was to be performed gratuitously, of course nothing would he recovered. But in the absence of such proof, or proof of the like kind, the plaintiff’s right to recover as aforesaid is undeniable. How the case before us is precisely such a case. To receive and keep goods in storage for another, at the latter’s special instance and request, is certainly to render him a service; that the party who renders it is not a “ warehouseman,” so to speak, can make no difference. The service may, in fact, be greater on that account. A warehouseman is prepared to receive and keep goods on storage, and may do so at less inconvenience than one who is not a warehouseman, and is not so prepared. It is not admitted that Rea was not in fact a warehouseman. The plaintiffs contended, and the evidence tended, to prove that he was. But that is immaterial to the question we are now considering, which assumes that, technically speaking, he was not.
Instruction Ho. 3, is in these words: “If the jury, in the light of the first and second instructions, believe from the evidence that William J. Rea, on the 22d of July 1864, received from the plaintiffs the tobacco sued for, and agreed for, or was entitled to compensation to keep the same in store on account of the plaintiffs and subject to their order, until they should in person, by agent or order, demand the same, and then to deliver up the same to them, their agent or order, and so *594 agreed in view of the fact, that said Rea resided in the town of Winchester, and had his store-house there, and against any risk to said tobacco that might arise from the occupation of said town by the Federal forces, and that said Rea did not so keep the tobacco as agreed as aforesaid, nor deliver the same as agreed as aforesaid, but upon demand if the plaintiff’s failed to deliver the same, or to pay, or to offer to pay in money the fair value of the same at the time of such demand, then they must find for the plaintiffs, even though they may believe from the evidence, that said William J.Rea, before said demand,sold the plaintiff’s tobacco, as well as his own, because of his apprehension that the Union forces- were about to occupy said town of Winchester, and would search his house and seize said tobacco, and that said forces did, after their occupation of said town, search said Rea’s house for tobacco, and that one of them did take from the secretary (being a piece of furniture) of said Rea a small piece of choice tobacco for his own use.”
The court is of opinion, that this instruction was calculated to mislead the jury; that there was nothing in the facts proved on the trial, as certified in the record, tending to prove that the defendant warranted the tobacco against any risk that might arise from the occupation of said town by the Federal forces, which is one of the facts, on the supposed existence of which the said instruction was based, and, therefore, that the court erred in giving the said instruction, Uo. 3, to the jury. There would have been no substantial objection to the instruction if the words: “And against any risk to said tobacco that might arise from the occupation of said town by the Federal forces,” contained in the instruction, had been omitted. If the tobacco, as the instruction supposed, and as the evidence tended *595 "to prove, was deposited by the plaintiffs in the hands of the said Rea, who resided in the town of Winchester, and had his store-house there, and who received the same on storage for a compensation to be paid him by the plaintiffs, and agreed in consideration thereof to keep the same in store on account of the plaintiffs, and subject to their order until they should demand the same, and then to deliver it up to them or their order; and if the said Rea failed so to keep the tobacco and to deliver it up, he thereby became liable to pay to the plaintiffs the damages sustained by them from such breach of the contract, and of course the jury ought to have found for the plaintiffs. The questions for them to decide upon all the evidence were—1st. What was the contract between the parties? 2dly. Was it broken by the defendant, or rather by Rea, her intestate? And if so, 8dly, What damages did the plaintiffs sustain from such breach? Whether Rea had authority, under any circumstances, to sell the tobacco, depended upon the nature and terms of the contract, express or implied. If the tobacco was deposited in his hands for a special purpose, and with an understanding or agreement between the parties, that he was not to sell it at all under any circumstances, and especially not for Confederate money; and that the plaintiffs were fully aware of the risk to the tobacco from seizure and capture by the Union forces, and intended and agreed to incur that risk themselves; then, of course, Rea had no authority to sell it on account of any apprehension by him, how-over well grounded it may have been, that the tobacco would otherwise have been seized and captured as aforesaid. If, on the other hand, the agreement or understanding between the parties was, that Rea should take the best care he could of the tobacco *596 with a view to its safety, and to preserve it from being-seized and captured by the Federal forces, and should have authority to sell it for Confederate money if ho ^ad good reason to apprehend that it was necessary to do so to prevent its total loss by such seizure and capture, then if Eea did take such care of the tobacco, and did have good reason for such apprehension, he had such authority; and if he sold the tobacco accordingly, he is not liable to the plaintiffs for any damages sustained by them on account thereof. How all these questions depend upon the evidence, on the meaning and effect of which the jury alone had to consider and decide. Instruction Ho. 3, without the objectionable words aforesaid, would have sufficiently embodied the former of the foregoing alternatives, and if given in that form would have been a good instruction, and well warranted by the evidence. The court ought therefore to have given it in that form or to that effect if auy instruction at all were given on the subject.
The court is further of opinion, that the court did err in giving instruction Ho. 4; “that the fact that William J. Eea’s house was searched after the 19th September 1864, is not competent evidence to show what a contract (if such was made) of date July 26th, 1864, was.”
The court is further of opinion, that the Circuit court erred in giving instruction Ho. 5, for the same reason for which it erred in giving instruction Ho. 3 as aforesaid; that is, for the reason that there was no evidence before the jury tending to prove an agreement by the defendant to protect the tobacco from seizure and capture by the Union forces. Ho. 5 is in these words: “If the jury believe from the-evidence, that the tobacco in controversy was stored with the *597 defendant, to be kept by him, and with an agreement to protect it from seizure and capture by the Union forces, then the court instructs the jury, that a sale of the same, because of a fear that the same would be 1 y seized by the Union forces, or because its possession would endanger the defendants’ property, was a violation of the contract under which the same was stored; the sale of the same was unauthorized, and they must find for the plaintiffs, although they may believe that the defendant sold his own tobacco about the same time for the same price and for the same reasons.”
Instruction number six is in these words: “Although the jury may find from the evidence, that Rea received Trotter’s tobacco in store, to hold subject to Trotter’s order, and that Rea, without authority from Trotter, did sell said tobacco; yet if they find that such sale was made from the peculiar necessities of the case, and to prevent total loss of said tobacco, then Rea is not liable, except for the proceeds of said sale, provided said sale was fairly made and for a reasonable price under the circumstances; unless they further find from the evidence, that said tobacco was deposited with the defendant Rea with reference to its care and keeping, in the possession of said Rea, in the event of the presence of the Federal forces in Winchester; and if the jury so further find, then they are instructed that said Rea was not authorized to sell said tobacco, and they must find for the plaintiff the value of the tobacco when demanded. But the burden of proof, as to the character of the contract, is upon the plaintiffs.” The court is of opinion, that this instruction is vague and uncertain, and was calculated to mislead the jury, and therefore ought not to have been given.
Humber seven is in these words: “The court instructs the jury, that if they find from the evidence, *598 that Trotter deposited his tobacco with Rea, and that deposit was for the benefit of Trotter alone, and without compensation to Rea, then Rea was only ^oun^ *o use slight diligence, and was only answerable for gross negligence.” Without deciding whether the Circuit court erred or not in giving this instruction, it is enough to say that the error, if any, is not to the prejudice of the plaintiff in error, who has therefore no right to complain of it.
Number eight is in these words: “If the jury believe from the evidence, that the defendant Rea received the tobacco without charge in store for Trotter, and that he, Rea, afterwards, to prevent total loss of said tobacco by a force against which he had not insured it, sold it; that then Rea is only responsible for the value of the consideration received by him for the tobacco.” That would depend upon the meaning and effect of the evidence and the purpose for which the tobacco was stored; of all which matters the jury were to judge. If the agreement and understanding of the parties was that the tobacco was to be kept by Rea until demanded by Trotter, and was not to be sold by the former, then Rea is responsible for the value of the tobacco when sold, even though it may have been received and sold under the circumstances stated in the instruction. The court therefore erred in giving this instruction; but the error was not to the prejudice of the plaintiff in error.
No. 9 is in these words: “If the jury believe from the evidence, that Trotter deposited his tobacco with Rea', and that Rea, without insuring it against the Federal forces,' afterwards, and before the Federal forces came in, sent word to Trotter by Trotter’s genera] agent, that he, Trotter, must take the tobacco away, and that Trotter failed to do so, and that then *599 Rea sold said tobacco to prevent total loss thereof, then Rea is liable only for the value of the consideration received by him.”
This instruction is objectionable, on the ground, if no other, that there is no evidence tending to prove ’ , m t that he, Rea, sent such a message to I rotter as is stated in the instruction, which, therefore, ought not to have been given; but the error was not to the prejudice of the plaintiff in error.
The instructions given by the court on the trial are all set forth in the defendants’ bill of exceptions Ro. 3. Two other bills of exceptions were taken by the defendant in the case, which yet remain to be noticed, viz: Ros. 4 and 5. Defendants’ bill of exceptions, Ro. 4, was to the action of the court in overruling the motion of the defendant to set aside the verdict and award a new trial, upon the grounds, 1st, that the jury had been misled by erroneous instructions; 2d, that improper testimony had been allowed to go before the jury; and 3d, that the verdict was contrary to law and to the evidence. And defendants’ bill of exceptions,
Ro. 5, was to the action of the court in overruling the motion of the defendant made four days after the verdict of the jury had been rendered and recorded, to set aside the verdict and grant a new trial, on the ground that a certain paper, which was not in evidence, had been conveyed to the jury room, and read by the jury in their retirement. If the judgment in this case is to be reversed for the errors of the court in giving instructions as aforesaid, it is unnecessary to consider and decide the questions presented by the two last mentioned bills of exceptions, as they will, in that event, become immaterial, a new trial being the necessary result of such reversal. It is contended, however, by the counsel for Trotter & Bro., that even *600 though there be such error, it is not material, and does not require a reversal of the judgment, if, notwithstanding such error, the defendant is not thereby aggrieved, and justice has been done by the verdict and judgment. Without undertaking to decide whether . ° , , . „ ° . . _ justice has been done by the verdict andjudgment, the court is of opinion that the judgment ought to be reversed for the errors aforesaid, and the verdict set aside, and a new trial awarded. The case seems to be governed by that of Wiley &c. v. Givens &c., 6 Graft. 277, in which it was held by this court, that when an appellate court is of opinion that an instruction given to the jury by the court below is erroneous, the appellate court cannot undertake to determine that the verdict, notwithstanding the erroneous -instruction, is right upon the evidence, and therefore to affirm it. But the judgment must be reversed, and the cause remanded for a new trial.
The court is therefore of opinion, that the judgment is erroneous for the reasons aforesaid, and ought to be reversed, and the verdict set aside, and the cause remanded for a new trial to be had therein, in conformity with the foregoing opinion.
The judgment was as follows:
This day came again the parties by their attorneys, and the court having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the Circuit court did not err in the following rulings :
1st. In overruling the defendants’ objection to the competency of John J. Williams, as a witness for the plaintiffs, notwithstanding his relation to them as their *601 attorney in the cause, and in admitting the said witness, as stated in the defendants’ bill of exceptions Eo. 1.
2ndly. In overruling the defendants’ objection to the papers marked “A” and “ 0,” referred to in the defendants’ bill of exceptions Eo. 2, and in admitting said papers in evidence, as stated in that bill of exceptions.
3rdly. In giving to the jury instructions “Eo. 1,” •“Eo. 2,” and “Eo. 4,” set out in “defendant’s bill of exceptions Eo. 3.”
The court is further of opinion, that the Circuit court did not err to the prejudice of the defendant, if at all, (who has therefore no ground to complain of any such error) in giving to the jury instructions “Eo. 7,” “Eo. 8,” and “Eo. 9,” set out in the last mentioned bill of exceptions. The last two at least might well have been objected to by the plaintiffs: “Eo. 8” upon the ground that its propriety depended upon the meaning and effect of the evidence, and the purpose for which the tobacco was stored, of all which matters the jury were to judge; “Eo. 9” upon the ground (if no other) that there was no evidence before the jury tending to prove that such a message was sent by Rea to Trotter, as is stated in the instruction.
The court is further of opinion, that the Circuit court erred in giving instruction “Eo. 3,” on the ground that it was calculated to mislead the jury, and that there was nothing in the facts proved on the trial, as certified in the record, tending to prove that Rea warranted the tobacco against any risk that might arise from the occupation of the town of Winchester by the Federal forces; which is one of the facts on the supposed existence of which the instruction was based. There would have been no substantial objection to the *602 instruction if the words “and against any risk to said tobacco that might arise from the occupation of said town by the Federal forces,” contained in the instrucb-0D’ had been omitted,
The court is further of opinion, that the Circuit - . . . . court erred m giving instruction “bio. 5, for the same reason for which it erred in giving instruction “bio. 3,” as aforesaid; that is for the reason that there was no evidence before the jury tending to prove an agreement by Rea to protect the tobacco from seizure and capture by the Union forces, and the instruction was. calculated to mislead the jury.
The court is further of opinion, that the Circuit court erred in giving instruction “Ro. 6,” which is vague and uncertain, and was calculated to mislead the jury.
The court is further of opinion, that for the errors aforesaid, and without deciding or considering whether the Circuit court erred in overruling the motion of the defendant to set aside the verdict and award a new trial, on the ground stated in “ the defendants’ bill of exceptions bio. 4,” or in overruling the motion of the defendant to set aside the verdict and grant a new trial on the ground stated in “the defendants’ bill of exceptions bTo. 5,” or whether the verdict, notwithstanding the erroneous instructions aforesaid, is right upon the evidence; the judgment ought to be reversed, the verdict set aside, and a new trial awarded in the case.
Therefore, it is considered by the court, that the said judgment is erroneous, and be reversed and annulled; and that the plaintiff in error recover against the defendants her costs by her expended in the prosecution of her writ of supersedeas aforesaid here; and it is ordered that the verdict of the jury be set aside, and *603 the cause remanded to the said Circuit court, for a new trial to be had therein in conformity with the foregoing opinion and judgment; which is ordered to be certified to the said Circuit court of Frederick county.
Judgment reversed.