Staples J.
In an action of assumpsit brought in the circuit court of Pittsylvania by the Danville Bank against Waddill, the issues were made up on the pleas of non assumpsit, and the statute of limitations. On *450 the trial the plaintiff asked the court to instruct the jury, “that in passing upon the issue raised by the statute of limitations, they shall leave out of the computation of time all the period extending from the 2d March 1866 to the 1st day of January 1869.” The court refused to give this instruction; and the plaintiff excepted. Thereupon the jury rendered their verdict' in the following words: “We the jury find a verdict for the defendant;” which verdict the plaintiff moved the court to set aside, and grant it a new trial: but the motion was overruled; and the plaintiff again excepted.
There is no doubt but that the court erred in refusing to give the plaintiff’s instruction. Indeed, this is not seriously controverted by the counsel for the defendant. The only question, then, we have to consider is, whether a new trial is to be granted. The rule almost universally recognized is, that a misdirection of the trying court is always a ground of reversal, unless it can be plainly seen from the bill of exceptions that the error did not and could not affect the verdict. Kincheloe v. Tracewells, 11 Gratt. 587; Noyes v. Shepherd, 80 Maine R. 173; Graham and Waterman on New Trials, 869.
In Wiley et als. v. Givens, 6 Gratt. 277, 285, this court went much farther. In that case, an erroneous instruction having been given in the court below, it was argued that this court ought not to reverse on that ground, if upon the whole record it appeared that the judgment was substantially correct. But it was held, that the appellate court could look no farther than to the propriety of the instruction given; and if it was erroneous, the judgment would be reversed and a new trial granted. That decision was followed by this court in Rea’s adm’x v. Trotter, 26 Gratt. 585. What *451 ■ever may be said of tbe ruling in these two cases, it will not be disputed, that whenever an erroneous instruction is given, or what is the same thing, a correct one refused, the judgment will be reversed, unless the appellate court can see from the whole record, that even under correct instructions a different verdict could not have been rightly found, or unless it is able to perceive that the erroneous ruling of the trying court could not have influenced the jury.
The learned counsel maintains, that such was the case here, as is proved by a general verdict for the defendant; that such a verdict is responsive to both issues; that the jury would have found a verdict for the defendant, even if the court had given the instruction; for they have found for the defendant upon the plea of non assumpsit as well as upon the plea of the statute of limitations: and so, with or without the instruction, the result would have been the same.
The defect in this argument is, in assuming that a .general verdict is necessarily a finding upon all the issues in favor of the party for whom it is rendered. It is certainly more regular in practice, and in some cases it is essential, that the finding shall respond to all the issues. The cases of Hite’s heirs v. Wilson, 2 Hen. & Mun. 268; Jones’ ex’or v. Henderson, 4 Munf. 492, furnish illustrations of this rule. In the latter case issues were joined on the “pleas of payment and fully administered:” the jury found for the defendant, “ he having fully administered,” &c. A judgment on this verdict was reversed by this court, on the ground that the issue on the plea of payment had not been tried. The reasons upon which this decision was based are too obvious to require comment.
On the other hand cases often occur in which the finding of one issue is decisive of the case, and ren *452 ders a consideration of the others wholly unnecessary or immaterial. In French v. Hanchett, 12 Pick. R. 15, and Inhabitants of Sutton v. Inhabitants of Dana, 1 Metc. R. 383, may be found illustrations of this principle.
In 1 Rob. Prac. 365, (old ed.) it is said, where there are several issues, and the jury is of opinion that the defendant ought to succeed upon any one of them, it is common to find a general verdict in his favor. This observation is in accord with the experience of any lawyer familiar with the practice in the inferior courts of the state. Can we affirm that the jury did not pursue this course in the ease before us. Is it not to be inferred they did pursue it. They had been told in* effect by the court, that the claim of the plaintiff was barred by limitation; why should they give themselves the trouble to consider it upon its merits. One of the issues was of easy solution under the instruction of the court; the other depended upon difficult questions of evidence, conflicting testimony requiring careful examination. Is it not more reasonable to suppose that the verdict was based upon the law as expounded by the court, rather than the troublesome controverted question of fact. We cannot assert that this was done: we cannot assert that it was not done. In this state of uncertainty, a reversal is the inevitable result of the misdirection. Where the chances are equal, that the verdict resulted from the error of the judge, a new trial will be granted. 3 Graham & Waterman on New Trials, 872. In Wardell v. Hughes, 3 Wend. R. 418, Marcy J. in commenting upon a somewhat similar case, said: If the verdict was found on the first ground it ought to be set aside for the misdirection of the judge; if on the latter ground, the evidence being of such a character, it might be regarded as insufficient to show the assent of *453 More, it should not be disturbed. Inasmuch therefore as the verdict may have resulted from the misdirection of the judge—and I think that there is an equal chance that it did—a new trial ought to be granted.
The result of all the authorities and of the reasoning on the subject is, that the onus is upon the party in whose favor the error was committed. The onus is upon him clearly to show that the error did not and could not affect the merits.
If the matter be doubtful, if the pleadings point to two distinct propositions, and the verdict may be referred to either, without indicating which, unless indeed the court is able clearly to perceive that the finding would have been the same without the instruction, the judgment will be reversed and a new trial granted.
The learned counsel for the defendant has depicted in strong language the injustice which he supposes may result to the defendant without any means of redress. He insists, that in this case, the defendant, being successful, could take no bill of exceptions; he must necessarily accept the verdict as the jury renders it. It is sufficient to say, that a party, in whose favor an instruction is given or refused is fully apprized by the exception taken, that the ruling may be the subject of review by an appellate court. If he means to rely upon the fact that the misdirection did not affect the finding of the jury, he must take care that the record so shows beyond all controversy. He has only to ask that the verdict may be so extended as to cover in unmistakeable terms all the issues, or so many of them as are sufficient to show the grounds upon which the jury proceeded. If he fails in this, he cannot justly complain that an error occasioned by himself leads to a reversal of his judgment.
*454 For these reasons the judgment of the circuit court is reversed, and the case remanded for a new trial; upon which the circuit court is to give the instruction if again asked for.
Moncure P. and Anderson J. concurred in the opinion of Staples J.
Christian J. dissented.
Judgment reversed.