STAPLES, J.,
delivered the opinion of the court.
This is an action of detinue. The declaration contains two counts. The first sets forth the delivery of the property by the plaintiff to the defendant, to be redelivered on request, and a failure to do so. The second avers that the plaintiff, being lawfully possessed of the property, casually lost it, put of his possesison, and the same afterwards came to the defendant by finding, and that the defendant had refused to deliver the same, although often requested. It is by no means clear, but it may be conceded, that the first count is defective in failing to allege right of property in the plaintiff; and that the circuit court erred in refusing defendant’s leave to demur to that count. Still, it does not necessarily follow that the judgment is therefore to be reversed.
*If the defendant was not and could not have been prejudiced by the ruling of the court below, the appellate court will not disturb the judgment, merely because the ruling may have been erroneous.
Had the jury found a general verdict, this court could not say whether it was based on the first or second counts. But the verdict is special. It expressly finds that the goods claimed are the individual property of the plaintiff. This is directly responsive to the second count, which asserts title in the plaintiff.
It was apparent that the jury intended to conform their verdict to that count.
The defendant might have asked the court to instruct the jury to disregard the first count; had he done so, and had the court granted siich instruction, the verdict must have been the same. Under these circumstances, the action of the court upon the demurrer was wholly immaterial.
The next question for consideration is, whether the court committed any error with respect to the instructions which entitles the defendant to a reversal.
*203 The defendant asked for three instructions. The first of these asserts that if the jury believe that the property claimed was not the individual property of the plaintiff, but belonged to the firm or partnership of A. K. Adams & Co., of which plaintiff was a member, and that A. K. Adams, the other partner bona fide sold the property to Walker & Saunders, under whom defendant claimed, the plaintiff was not entitled to recover. The second instruction is substantially the same. The third instruction is not material to the present discussion, and need not be repeated here. The court refused to give either of these instructions, and in lieu thereof instructed the jury — first, that if they believed from the evidence that the plaintiff purchased the property as his individual property, paying for it and using it as his own, and that he has never parted with the title thereto, and the defendant obtained the possession ^without the plaintiff’s knowledge or consent, and has refused to surrender the same, they ought to find for the plaintiff.
The court further instructed the jury in effect, that even if they believed the property belonged to A. K. Adams & Co., a sale by one of the partners, without the knowledge or consent of the other, for the purpose of paying the individual debts of the partner so selling, would not be effectual to pass the title.
It is not necessary now to determine whether the court erred in refusing to give the instructions of the defendant, or in giving the second instruction actually given. What has been already said with respect to the action of the court touching the demurrer, applies to the instruction.
An appellate court will not reverse the judgment for an erroneous instruction, if it can clearly see that the losing party could not have been prejudiced by it. In Kincheloe v. Tracewells, 11 Gratt. 587, 609, this court said, “If the questions involved in the instructions, are decided erroneously the judgment should not on that account be reversed, if the court can see from the bill of exceptions that they did not and could not affect the merits of the case before the jury. Danville Bank v. Waddill, 27 Gratt. 448. See also 8 U. S. Digest, N. S., Title Appeal, p. 29.
In the case before us, the court, in its first instruction, told the jury that if they believed from the evidence that the plaintiff had purchased, paid for and used the property as his own individual property, and had never parted with the title, and that the defendant had obtained the possession without the plaintiff’s knowledge or consent, and refused to surrender the same, they must find for the plaintiff. The jury, in rendering their verdict, say, we, the jury, find, under the first instruction of the court, that the mules and wagons and gear are the individual property of the plaintiff.
*From this it is plain the jury were satisfied that the property did not belong to A. K. Adams & Co., but to the plaintiff individually; and therefore it was a matter of no sort of consequence what the court said with reference to the power of one partner to dispose of the partnership property. With or without the instructions on that branch of the case, it is certain the finding of the jury must have been the same, and the defendant could not, by possibility, have been prejudiced by the action of the court with respect to the instructions.
The case, in some of its features, is like that of Fleming v. Toler, 7 Gratt. 310. There the defendant had filed a special plea, upon which issue was joined. He afterwards tendered other pleas, which were rejected. This court said the pleas so tendered were good in form and substance, and presented a substantial defence; but as the facts set forth therein were the same substantially as set forth in the plea filed, and as those facts had been negatived by the finding of the jury, the defendant could not have been prejudiced by the rejection of the two pleas.
The view here taken was not at all in conflict with the decision of this court in Wiley et als. v. Givens & als., 6 Gratt. 277. There the lower court had instructed the jury that they were at liberty to regard the recitals in certain deeds as evidence. This instruction, it was contended, even if erroneous, worked no injury, inasmuch as the jury would have been warranted in finding the same verdict upon the whole evidence.
But this court said it could not determine what influence the recitals may have had on the minds of the jury, and therefore it would look no further than to the propriety of the instruction, based upon such recital. That case came within the influence of the principal that a misdirection of the trying court is always ground of reversal, tinless it can be plainly seen from the record that the error did not, and could nof, affect the verciict. Rea’s adm’x v. *Trotter & Bro., 26 Gratt. 585, was decided on the same ground; Town of Danville v. Waddill. On the other hand, the converse of the proposition is equally true, that if the appellate court is satisfied that the jury, in rendering their verdict, could not have been influenced by the misdirection, it will not, merely because of such misdirection, reverse the judgment. See also 9 vol. U. S. Digest, N. S. p. 538, 635, 682.
_ In placing our decision on this ground, we are not to be understood as holding that the lower court erred in its instruction with respect to the limitations upon the power of one partner to dispose of partnership property, under the circumstances set forth in the insfruction. The rule seems to be settled that the authority of each partner to dispose of partnership property extends only to the business and transactions of the partnership. And any disposition of the property beyond such purposes, without the consent of the co-partner, is an excess of authority. And further, one partner cannot pledge or sell the partnership’s property, in payment of his individual debts, without the consent of his co-partner; and the title is not divested by such pledge or sale in favor of a separate creditor, even though the latter may not know it was partnership property. S«e *204 Rodgers & Sons v. Batchelor & als., 12 Peters R. 221; Story on Partnership, § 133, and note.
However, we do not deem it necessary to express any decided opinion on this subject. Upon the grounds already stated, we think the judgment should be affirmed.
Judgment affirmed.