| | |
|---|---|
| 95 | 203 |
| 95 | 247 |
| 95 | 525 |
| 95 | 203 |
| 98 | 860 |
| 95 | 203 |
| 100 | 360 |
| 95 | 203 |
| 101 | 206 |
| 95 | 203 |
| 102 | 176 |
| 102 | 517 |
| 95 | 203 |
| e103 | 109 |
| 103 | 689 |
| 95 | 203 |
| 105 | 376 |
| 105 | 603 |
| 105 | 604 |
| 95 | 203 |
| 106 | 452 |
| f106 | 536 |

## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

### KIMBALL & FINK, RECEIVERS, v. BORDEN.

#### SEPTEMBER 23, 1897.

1. INSTRUCTIONS—*Evidence to Support—Effect of Misdirection.*—It is error to give an instruction which there is no evidence to support. It tends to mislead the jury by withdrawing their attention from the legitimate points involved in the issue. If the jury is misdirected it will be presumed that it affected their verdict, unless it appears from the whole record that the misdirection did not, and could not, have affected the verdict.

2. PLEADING—*Duplicity—Special Demurrer.*—Duplicity in a declaration can only be taken advantage of by special demurrer, and as special demurrers have been abolished in Virginia, duplicity is no longer a ground of demurrer.

3. PLEADING—*Declaration—Communicated Fires—Averments as to Ownership of Personal Property Burned.*—In an action to recover damages for a fire negligently communicated by the defendant, an averment in the declaration that the plaintiff was seised and possessed of a cooper's shop and warehouse which were destroyed by fire, and that in said houses and on the yard thereof was certain personal property also burned, is sufficient to show that said personal property was on the premises of the plaintiff and in his possession, and to sustain an action against a wrong-doer for its destruction, though the plaintiff's ownership ought to have been distinctly and positively averred.

4. INSTRUCTIONS—*Calling Special Attention to Only Part of the Evidence.*—An instruction should not be given which calls special attention to a part only of the evidence, and the particular fact or facts it tends to prove, and ignores the residue of the evidence and the facts it tends to prove.

5. RAILROADS—*Fires—Burden of Proof.*—In an action against a railroad company to recover damages for setting fire to the plaintiff's property, where it appears that the fire was caused by inflammable material on the right of way of the company, or by fire spreading from the right of way, the burden of proving negligence is on the plain-

tiff. But where the plaintiff has shown that his property was set on fire by sparks from the engine, and the right to recover is based on the negligence of the railroad company in using .engines with defective apparatus or equipments, or in negligently and unskilfully managing its engines, the presumption of negligence arises at once, and the burden is on the company to overcome that presumption.

6. RAILROADS—*Fires—Evidence of Other Recent Fires.*—Where the question is whether a fire originated from sparks emitted by defendant's engines, evidence of the emission of sparks by defendant's engines at other times, near the time of the accident, is admissible as tending to prove that the fire was caused by defendant's engines, and also as tending to show a negligent habit on the part of defendant's agents and employees.

Error to a judgment of the Circuit Court of Warren county rendered May 19, 1896, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Reversed.*

This was an action of trespass on the case to recover damages for the destruction of certain property of the plaintiff by fire alleged to have been caused by the negligence of defendants' agents and employes. The declaration was in the following words and figures:

"B. F. Borden complains of F. J. Kimball and Henry Fink, receivers of the Norfolk and Western Railroad Company of a plea of trespass on the case:

"For this that the said defendants before and at the time of the committing of the grievances, hereinafter mentioned, to-wit: on the 28th day of September, 1895, were in the possession and had care, control, management, operation, and maintenance of a certain railroad called the Norfolk and Western Railroad, and the track thereof, located in and passing through the county of Warren in said state of Virginia, and was also in care, control, management, operation, and maintenance of certain steam en-

gines, coaches, cars, which were operated by the said defendants, through their agents, servants and employees.

"And the said plaintiff further says that on the day and year aforesaid, to-wit: on the 28th day of September, 1895, he, the said plaintiff, B. F. Borden, was the owner and seized and possessed of a certain cooper shop and warehouse at Limeton, Warren county, Virginia, near to where the said railroad track passed, that in said cooper shop was contained valuable property, to-wit: oak barrels, pine barrels, staves, shaving horses, hand saw, &c.; that in said warehouse were staves, bales of heading, lath mill, saw, mandrill and shafting, and other things, all valuable property; that on the yard of these buildings, near the railroad track, were a lot of valuable hoop poles, which property, above described, was the value of $2,500.

"Nevertheless the said plaintiff says that the said defendants by their agents, servants, and employees on the 28th day of September, 1895, in the said county of Warren, and state of Virginia, in the management, control, operation, and maintenance of said road and track and of said engines, coaches, and cars, did so negligently, carelessly, and wrongfully manage, control, maintain, and use the same, that certain engines which were then being propelled along said road at or near the aforesaid buildings and contents, at Limeton, Virginia (Warren county), and which engines were old, out of repair, and not supplied with proper spark arresters and other appliances, emitted, discharged, and threw out upon and against the property of the plaintiff, and upon the grounds adjacent thereto, which grounds the said defendants had negligently and wrongfully allowed to accumulate upon it a large quantity of combustible matter, large volumes of ignited cinders and live sparks, from which and whereby the said property above described, to-wit: the cooper shop and contents, warehouse and contents, was set on fire and completely destroyed and consumed by said fire, so ignited by the negligence of the defendants, to the damage of the

plaintiff $2,500, no part of which has been paid by said defendants to said plaintiff, or to any one for him, yet the said defendants, their duty no wise regarding, the said sum of money hath not paid, but the same to pay hath neglected and refused, and still neglect and refuse to the damage of the said plaintiff $2,500.00

"And therefore he brings his suit."

There was a verdict and judgment for the plaintiff for the sum of $1,600, to which judgment this writ of error was awarded.

The opinion states the case.

*W. H. Travers,* for the plaintiffs in error.

*O'Flaherty & Fulton* and *M. L. Walton* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment rendered in favor of the defendant in error against Kimball & Fink, Receivers of the Norfolk & Western Railroad Company, for the negligent destruction of his property by fire.

The first error assigned is to the action of the court in giving plaintiff's instruction No. 1, on the ground that there was no evidence upon which to base it.

This instruction is plainly predicated upon the hypothesis (though some effort is made in argument to put a different construction upon it), that combustible material outside of the plaintiff's premises was first set on fire, and from it the fire which caused the destruction of his property was blown to his premises. There was no evidence tending to show that the fire originated in the combustible material which the railroad com-

pany had allowed to accumulate on its right of way, or that the plaintiff's property was destroyed by fire communicated from the defendant's right of way.

It has been repeatedly held by this court that it is error to give an instruction when there is no evidence tending to prove the facts upon which the instruction is based. *Pasley* v.*English*, 10 Gratt. 236; *Rea* v. *Trotter*, 26 Gratt. 585, 594; *Bartley* v. *McKinney*, 28 Gratt. 750, 761; *Borland* v. *Barrett*, 76 Va. 128, 133; *Norfolk & W. R. Co.* v. *Neely*, 91 Va. 539, 542; *Seaboard & Roanoke R. Co.* v. *Joyner*, 92 Va. 354, 362; *Michie* v. *Cochran*, 93 Va. 641, 648.

The reason for this is that the tendency of such instructions is to mislead the jury by withdrawing their attention from the legitimate points involved in the issue. Juries are sufficiently prone to indulge in conjectures, without having possible facts not in evidence suggested for their consideration. *Michigan Bank* v. *Eldred*, 9 Wall. 544, 552; *Railroad Co.* v. *Houston*, 95 U. S. 697.

It is also well settled that if a misdirection or other mistake of the court appear in the record, it must be presumed that it affected the verdict of the jury, and is therefore a ground for which the judgment must be reversed, unless it plainly appears from the whole record that the error did not, and could not, have affected the verdict. 4 Minor's Inst., 937 (4th Ed.); *Kincheloe* v. *Tracewells*, 11 Gratt. 587-8; *Danville Bank* v. *Waddill*, 27 Gratt. 448; *Edmunds* v. *Harper*, 31 Gratt. 637, 644-5; *Richmond, &c., R. Co.* v. *Garthright*, 92 Va. 627, 631, and cases there cited.

The instruction complained of was based upon one of the grounds of negligence relied on in the declaration. It was pertinent to the case as made by the pleadings, and was proper to be given if there had been evidence tending to prove the hypothetical state of facts upon which it was based. It may be that it did not affect the verdict of the jury. If the evidence in the case is such that any other verdict than that found by the

jury would have to be set aside as being contrary to the evidence, or without evidence to sustain it, then it may be that a court could say that an instruction not based upon any evidence in the cause did not, and could not, have affected the verdict. But that cannot be said in a case like this where, if the verdict had been for the defendants instead of the plaintiff, the court could not have set it aside, on the ground that it was contrary to the evidence.

The action of the court in overruling the demurrer is assigned as error in the brief, though not in the petition.

It is based upon two grounds. One is that the declaration fails to advise the defendant whether the destruction of the property was by fire communicated to it directly by sparks from the railroad engines, or by fire communicated to it from combustible matter burning on its right of way, or by both. The other is that if it be construed as averring that the property was set on fire directly by sparks from the engines, and also by fire from the right of way, it sets out two distinct causes of action in the same count.

Duplicity in the declaration relates to the form, and not to the substance, and hence can be taken advantage of only by special demurrer, and as special demurrers have been abolished duplicity is no longer a ground of demurrer. *Norfolk & W. R. Co.* v. *Ampey*, 93 Va. 108.

The declaration does not state the plaintiff's cause of action with that clearness and certainty which ought to characterize all pleadings, so as to give the opposite party notice of the precise nature of the complaint. *Bush* v. *Campbell*, 26 Gratt. at page 431; 4 Minor's Inst. 690 (4th Ed.); 1 Chitty on Pl., 276-7. But while the averments are not as clear and certain as they ought to be, a good cause of action is stated, and the demurrer was properly overruled.

The next error assigned is that the court ought not to have permitted testimony to go to the jury as to the destruction and value of certain personal property in and upon the premises

of the plaintiff, because there was no averment that he was the owner of that property.

It is true that there is no such averment in the declaration, but the declaration does aver that the plaintiff was seised and possessed of the cooper shop and warehouse which were burned, and in which and upon the yards of which the personal property in question was situated. The averments in the declaration are sufficient to show that the property was on his premises and in his possession, and while his ownerhip ought to have been directly and positively averred, (1 Chitty on Pl., 394-5; 4 Minor's Insts., 1192), yet we think this was sufficient to maintain an action against a wrong doer for its destruction. 3 Rob. Pr. (new), 414; 4 Minor's Inst. 1190. But as the cause has to be remanded for a new trial on other grounds, it would be better for the plaintiff to amend his declaration and aver distinctly and positively the ownership of the property whose destruction he has sued for, and also to aver with clearness and certainty the acts of negligence upon which he bases his right to recover.

Instruction No. 4 given for the plaintiff is objected to, because it called special attention to particular facts to the exclusion of others, and tended to mislead the jury.

There is some foundation for this objection, but as the case has to be reversed it is unnecessary to consider it further than to call attention to the case of the *New York, &c., R. Co.* v. *Thomas*, 92 Va. 606, 609, in which Judge Riely, speaking for the court, said: "Calling the special attention of the jury to a part only of the evidence and the particular fact or facts it may tend to prove, and ignoring the residue of the evidence and the facts it may tend to prove, gives undue prominence to such recited evidence, and disposes the jury to regard it and the fact it tends to prove as the particular evidence and the fact to be relied on in determining the issue before them, and thus misleads them.

"Instructions in writing are carried by the jury to their room

when they retire to consider the verdict, and, if they contain a rehearsal of a part only of the evidence, their tendency is to impress unduly on the jury such part of the evidence, to the disadvantage of the other evidence in the case, which may be equally or more important in determining the issue, but rests only in the memory of the jury."

Instruction No. 3 given for the plaintiff, although liable perhaps to the same criticism as instruction No. 4 for calling special attention to certain facts to the exclusion of others, is not liable to the objection that it imposed a burden of proof upon the defendants which the plaintiff, under the allegations of his declaration, ought to have borne.

Where the fire is caused by inflammable material on the right of way, or by fire spreading from the right of way, the general rule applies that the burden of proving negligence rests upon the plaintiff. But where the plaintiff has shown that his property was set on fire by sparks from the engine, and the right to recover is based on the negligence of the railroad company in using engines with defective apparatus or equipments, or in negligently and unskilfully managing the engines, the presumption of negligence at once arises and the burden is upon the railroad company to overcome that presumption in order to escape liability. *Patteson* v. *Chesapeake & O. R. Co.*, 94 Va. 16; Elliott on Railroads, sec. 1242.

What has been said in discussing instructions Nos. 3 and 4 given for the plaintiff will apply also to the objection urged to the court's action in reference to the defendants' instruction No. 1, and the addition made thereto by the court.

The court did not err in admitting evidence of the emission of sparks by the engines of the defendants near the time of the accident. The defendants denied that the fire was caused by sparks from their engine, and attempted to show that the fire originated otherwise. The evidence was admissible, therefore, as tending to prove that the fire was probably caused by the

engine of the defendants, and also as tending to show a negligent habit on the part of their agents and employees. *N. Y. &c., R. Co.* v. *Thomas,* 92 Va. 606, 612, and cases cited.

It follows from what has been said that the judgment must be reversed, the verdict set aside, and the cause remanded for a new trial.

*Reversed.*