**Wytheville.**

Southern Railway Company v. Forgey & Richardson.

June 28, 1906.

Absent, Keith, P.

1. Instructions—*Matters Not in Issue.*—An instruction is erroneous which submits to the jury questions of negligence not raised by the pleadings.

2. Instructions—*Evidence to Support—Case at Bar—Carriers—Feeding and Resting Live Stock.*—It is error to give an instruction when there is no evidence tending to prove the facts upon which it is based, as it tends to withdraw the minds of the jurors from the consideration of the legitimate points involved in the issue. In the case at bar connecting carriers were sued jointly, and one of the grounds of liability alleged was the failure of the defendants to unload, feed, and water a carload of live stock and allow them to rest, as provided by statute, and an instruction submitting to the jury the question of the liability of *each* of the defendants, whereas as to one of them there was no evidence whatever to support it, was held erroneous. The admitted facts showed that the stock had not been in that defendant's possession for such length of time as required them to be unloaded, fed, and watered.

3. Instructions—*Error—Effect on Verdict—Presumption.*—If a misdirection, or other error, of the court appear in the record it is presumed to have affected the verdict of the jury, and the judgment thereon must be reversed, unless it plainly appears from the whole record that the error did not and could not have affected the verdict.

4. Negligence — *Concurrent Negligence — Weighing Probabilities.*— Where an injury or loss is caused by the concurrent negligence of both the plaintiff and the defendant, contributing as an efficient cause to the injury complained of, there cannot, as a general rule, be any recovery, as the court will not undertake to

balance the negligence of the respective parties in order to ascertain which one was most at fault.

5. APPEAL AND ERROR—*Joint Action—Judgment Against Only One—No Writ of Error as to Other.*—If, in an action on contract against two defendants, the plaintiff recovers judgment against only one, and there is a verdict and judgment in favor of the other defendant, on a writ of error awarded by this court to the losing defendant, and no objection by him or the plaintiff as to the judgment in favor of the other defendant, the latter judgment will be affirmed.

Error to a judgment of the Corporation Court of the city of Bristol, in an action of assumpsit. Judgment against one defendant, who assigns error as to that judgment only, and not to the judgment in favor of the other defendant.

*Reversed.*

The opinion sufficiently states the facts. Instruction No. 7, tendered by the defendant and rejected by the court, and instruction No. 5, given by the trial court, both of which are referred to in the opinion of this court, are as follows:

### No. 7.

"Where an injury or loss is caused by the concurrent carelessness or negligence of plaintiffs and defendant there can be no recovery for damages. In this case, if any damages were caused by the mistake of the depot clerk, Hays, in hearing the telephone message, and if it be further shown that plaintiff, Richardson, was careless or negligent in undertaking to communicate with the railway depot by telephone, instead of going to the depot in person, and if you believe that such use of the telephone caused the mistake in question, then there can be no recovery had for any loss or damage caused by such mistake.

### No. 4.

"Where an injury or loss is caused by the concurrent negligence of both the plaintiff and the defendant, which has con-

tributed as an efficient cause to the injury of which the plaintiff complains, as a general rule there can be no recovery, as courts will not undertake to balance the negligence of the respective parties where both have been at fault in order to ascertain which one was most at fault.

"In this case, if you believe, from the evidence, that any damage was caused by the negligence of the depot clerk, Hays, in hearing or transcribing the telephone message, and if you further believe that the plaintiff, Richardson, was likewise negligent in undertaking to communicate his shipping directions to the railway company, or its agents, and that it was the concurring negligence of both parties that caused the injury, then there can be no recovery for the plaintiff based solely upon the said acts."

*Harr & Burrow,* for the plaintiff in error.

*Roberts & Roberts,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

The defendants in error instituted an action of assumpsit against the Norfolk and Western Railway Company and the Southern Railway Company to recover damages growing out of an alleged breach of a contract for the transportation of a carload of horses and mules over the roads of the defendant companies, connecting carriers, from Morristown, in the State of Tennessee, to the city of Norfolk, in this State.

The declaration bases the right of the plaintiffs to recover upon three grounds: (1) That there was unreasonable delay in the transportation of the horses and mules; (2) that the animals were kept in the car for more than twenty-eight consecu-

tive hours without unloading them for food, water and rest, as required by section 4386 of the Revised Statutes of the United States; and (3) that the defendants failed and refused to deliver the stock to the consignees of the plaintiffs.

Upon the trial of the cause there was a verdict and judgment in favor of the plaintiffs against the Southern Railway Company. From that judgment this written of error was awarded upon the petition of that company.

One of the errors assigned is to the action of the court in giving certain instructions to the jury at the request of the plaintiffs over the defendants' objections. One of these instructions is as follows:

"The court instructs the jury that the plaintiffs claim damages in this case on three grounds, as follows: Unreasonable delay in the transportation of the horses and mules in question.

"The confinement of said horses and mules on the car for a longer period than 28 consecutive hours, without unloading same for rest, water and feeding, for a reasonable period of time, at least five consecutive hours, and unreasonable delay in delivering or failure to deliver said horses and mules; and if the jury believe, from the evidence, that the defendants, or either of them, were negligent in any one or all of these particulars, or otherwise, and that such negligence resulted in damage to the plaintiffs, then they shall find for the plaintiffs against the negligent defendant, or defendants, if the damage resulted from the negligence of both, and assess the damages against the defendants, or either of them, at such sum as the jury believe resulted from said negligence."

By that instruction the question, among others, was submitted to the jury whether or not the defendants, or either of them, had caused damage to the horses and mules by keeping them on the car for a longer period than 28 consecutive hours

without unloading them for rest, water and food for at least five hours. There was not only no evidence that the Southern Railway Company had been guilty of any negligence in that respect, but, on the contrary, one of the agreed facts in the case is that from the time the animals were placed in the car at Morristown until they were delivered to the Norfolk and Western Railway Company at Bristol was less than fifteen hours, so that the Southern Railway Company was under no obligation to feed and water the stock whilst transporting it.

That instruction further told the jury that if the defendants, or either of them, were negligent in any one, or all, of the particulars alleged in the declaration, *or otherwise,* and that such negligence resulted in damage to the plaintiffs, then they should find for the plaintiffs against such negligent defendant.

The instruction was manifestly erroneous. It submitted to the jury questions of negligence not alleged in the declaration, as well as a question of negligence, which was alleged, but of which there was no proof. It has been repeatedly held by this court that it is error to give an instruction when there is no evidence tending to prove the facts upon which the instruction is based. *Kimball & Fink* v. *Borden,* 95 Va. 203, 207, 28 S. E. 207, and cases cited; *Richmond Pass. & P. Co.* v. *Allen,* 101 Va. 200, 43 S. E. 356; *Seaboard, &c., Ry. Co.* v. *Hickey,* 102 Va. 394, 46 S. E. 392. The reason for this is that the tendency of such instructions is to mislead the jury by withdrawing their attention from the legitimate points involved in the issue. Juries are sufficiently prone to indulge in conjecture without having possible facts not in evidence suggested for their consideration. *Kimball & Fink* v. *Borden, supra,* and cases cited.

It is also well settled that if a misdirection or other mistake of the court appear in the record it must be presumed that it affected the verdict of the jury, and it is therefore a ground for

which the judgment must be reversed, unless it plainly appears from the whole record that that error did not and could not have affected the verdict. *Kimball & Fink* v. *Borden, supra,* and cases cited.

Instruction No. 1, given at the request of the plaintiffs, also submitted the question of the Southern Railway Company's liability for damages for failure to unload, feed, water and allow the stock to rest, although there was no evidence whatever to support it.

We cannot say these instructions did not affect the verdict of the jury to the prejudice of the Southern Railway Company, and for these errors the judgment complained of must be reversed.

Another error assigned is to the action of the court in refusing instruction No. 7, offered by the Southern Railway Company, and in giving in lieu thereof the court's instruction No. 5. The language of instruction No. 7 was misleading, if not erroneous, and the court's instruction given in lieu thereof properly submitted the question of concurring negligence to the jury.

The other assignments of error are not likely to arise upon another trial, and therefore need not be considered.

The judgment complained of must be reversed and the verdict set aside as to the Southern Railway Company, and the cause remanded for a new trial as to it; but as neither the plaintiffs in the court below nor the Southern Railway Company make any objection to the verdict and judgment in favor of the Norfolk and Western Railway Company, the judgment as to it will be affirmed. Code, sec. 3395; *Burk* v. *Campbell,* 26 Gratt. 403.

*Reversed.*