# Staunton.

CLINCHFIELD COAL CO. v. WHEELER'S ADMINISTRATOR.

September 10, 1908.

Absent, Keith, P.

1. PLEADING — *Declaration — Charging Negligence.* — The object of a declaration is to inform the defendant of the case which he is to meet, so that he may have a reasonable opportunity to prepare and make his defense. It is not enough to say that the plaintiff was injured through the careless and negligent conduct of the defendant, but the facts relied on to establish the defendant's negligence should be stated with reasonable certainty. Negligence is a conclusion of law from facts sufficiently pleaded.

2. VERDICTS—*Defective Count in Declaration—Inadmissible Evidence.* If a demurrer to a bad count in a declaration has been improperly overruled by the trial court, all evidence received under that count which was not admissible under any other count of the declaration, is improperly admitted, and the verdict of the jury must be set aside as the court cannot tell on which count the verdict was rendered.

3. PLEADING—*Second Declaration as Substitute for First—Case at Bar.* The record in this case shows that the second declaration filed by the plaintiff was not an amendment of the first, that the plaintiff abandoned his first declaration, and that the parties treated the second declaration as alone containing the grounds of the plaintiff's action, and went to trial and conducted the case throughout on that understanding.

4. EVIDENCE—*Comparing Methods of Handling Machinery.*—Whether a piece of machinery was operated carefully and skillfully cannot be established by proof of the manner in which some other company operated like machinery.

5. EVIDENCE—*Experts—Discretion of Trial Courts.*—Whether or not a witness is qualified to speak as an expert is left largely to the discretion of the trial court, and its ruling allowing a witness to testify as an expert will not be reversed unless it appears clearly that he was not qualified.

6. EVIDENCE — *Negligence — Other Negligent Acts — Instructions — Belief of Jury.*—In an action to recover damages for an alleged negligent injury, an instruction is erroneous which does not confine the plaintiff and the jury to the acts of negligence alleged in the declaration, and moreover, which speaks of a preponderating probability "if it exists in the mind of the jury" instead of saying "if the jury believes from the evidence."

7. CONTRIBUTORY NEGLIGENCE.—The law will not weigh or apportion the concurring negligence of a plaintiff and defendant. There can be no recovery by a plaintiff who has been guilty of contributory negligence.

8. NEGLIGENCE—*Proof.*—In order to hold a defendant liable for a negligent injury there must be affirmative and preponderating proof of the defendant's negligence.

9. VERDICTS—*Erroneous Under Any Instructions.*—It is error to refuse to set aside a verdict for the plaintiff when no verdict could be rightfully found for him under any instructions.

10. MASTER AND SERVANT—*Risks Assumed by Servant.*—A servant, when he enters the service of the master, assumes all the ordinary risks of such service, and also, as a general rule, all risks from causes which are known to him, or should be readily discernible by a person of his age or capacity, in the exercise of ordinary care.

Error to a judgment of the Circuit Court of Russell county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case. Instructions 2 and 14 given at the instance of the plaintiff, and referred to in the opinion of the court are as follows:

No. 2. "The court instructs the jury, that it is incumbent upon the plaintiff in this case to establish the liability of the defendant by showing that the death of Jack Wheeler was the proximate result of the negligence of the defendant; but it is not incumbent upon the plaintiff to establish such liability beyond doubt. On the contrary, it will be sufficient to establish such liability of defendant, if all the facts and circumstances proved by the evidence in this case satisfies the mind of the jury that

it is more probable that the death of intestate was the direct result, as alleged in the plaintiff's declaration, of the negligence of the defendant, and without contributory negligence on his part (and not a risk assumed by him with knowledge of the facts), than that it was the result of any other cause. And the court tells the jury that such a preponderating probability (if it exists in the mind of the jury) makes out such a case for the plaintiff as will cast the burden upon the defendant to overcome it by evidence to the contrary, and, in the absence of such evidence, will warrant a verdict for the plaintiff.

"On the other hand, if the jury believe that there is no such preponderating probability, or that it is just as probable that the deceased's death was the result of a cause, or causes, for which the defendant was not responsible, as that it was the result of defendant's negligence, then negligence is not established and the plaintiff cannot recover."

No. 14. "The court further instructs the jury, that if they believe from the evidence that the deceased loosened the brakes too much on starting, yet if they further believe from the evidence that he thereafter properly applied the brakes before the motor had gotten such headway as that it could not have been checked by the application of adequate brakes for that motor and grade and load, at the time said brakes were so applied, and that the failure of the brakes to check the motor when they were applied was because of the insufficiency of the same to check that motor and load on that grade, and not because of the way the motor had been started; then the court tells the jury that the starting of the motor in the manner aforesaid would not be such contributory negligence as would bar a recovery by the plaintiff, if the jury believe from the evidence that the plaintiff would be entitled to recover but for contributory negligence."

*Phlegar & Powell* and *C. C. Burns,* for the plaintiff in error.

*W. H. Werth,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was instituted in the Circuit Court of Russell county by the administrator of A. J. Wheeler, deceased, against the Clinchfield Coal Company, to recover damages for the death of his intestate, which it is alleged was caused by the negligence of the defendant company.

A declaration, containing two counts, was filed to December rules, 1906. On January 14, 1907, before there was any appearance, the plaintiff moved the court for leave to amend the writ, and also for permission to the sheriff to amend his return upon the writ. This leave was granted and these amendments made at bar, but four days later, on the 18th of January, the case was, on further motion of the plaintiff, remanded to rules, with directions to the clerk to issue a new writ against the defendant company, returnable to the first Monday in February, 1907. At the second February rules, 1907, the plaintiff filed his second declaration containing three counts.

At February rules, the defendant company filed a plea in abatement, seeking to have the case dismissed upon the ground that the second process had not been properly served. This plea was, on motion of the plaintiff, rejected. Thereupon, on motion of the plaintiff, leave was given him to amend his second declaration, which was done at bar. The defendant company then appeared and filed its demurrer to the plaintiff's second declaration and to each count thereof, which demurrer was overruled; and, thereupon, the defendant company pleaded the general issue, and stated, as required to do, its grounds of defense.

Upon these pleadings the case was tried, and a verdict reached in favor of the plaintiff for $4,000, and judgment given thereon for the plaintiff, after the refusal by the court of the defendant's motion to set the verdict aside as contrary to the law and the evidence. The case is now before us for review of certain rulings made during the progress of the trial.

We are of opinion that it was error to overrule the demurrer to the third count of the declaration. This count does no more

than inform the defendant that the deceased was a minor; that he obeyed instructions to run a motor, and was killed. There is an entire absence of information touching the ways, appliances, or machinery, that were unsafe, or by what means or in what way the plaintiff was killed.

Negligence is a conclusion of law from facts sufficiently pleaded. This court has repeatedly held, that the office of a declaration is to inform the defendant of the case which it has to meet, so that it may have a reasonable opportunity to prepare and make its defense. It is not enough to say that the plaintiff was injured, and that the injury resulted from the careless and negligent conduct of the defendant; but the facts relied upon to establish the negligence for which the defendant is to be held liable must be stated with reasonable certainty. *Lynchburg Traction Co.* v. *Guill,* 107 Va. 87, 57 S. E. 644, 1 Va. App. 322.

There was considerable evidence introduced under the third count; but, without pointing out such evidence in detail, it is sufficient to say that all evidence which rests upon this bad count, as the basis for its introduction, and which was not admissible under the two good counts, was improperly admitted. The court cannot tell on which count the verdict was rendered.

To meet this difficulty, the defendant in error falls back on the first declaration filed by him, and insists that the evidence in question was admissible under the counts of that declaration. This contention is without merit. The second declaration was not an amendment of the first. The plaintiff voluntarily abandoned his first declaration, containing two counts, before there was any appearance, and had the case remanded to rules and a new writ issued. With this new process as the foundation of his action, he filed a new declaration containing three counts, which was subsequently amended at bar; and, thereupon, the defendant appeared and filed its demurrer to this second declaration, as amended, and to each of its three counts. This was the whole declaration upon which the parties went to trial. If the new declaration had been an amendment of the old, there

would have been five counts in the declaration upon which the parties went to trial instead of three; and yet the record shows conclusively that the demurrer was to the new declaration and each of its three counts, and that the parties treated the second declaration as alone containing the grounds of the plaintiff's action, and went to trial and conducted the case throughout upon that understanding.

We are further of opinion that it was error to permit the witness, Henry Wheeler, the plaintiff, to testify as to the usual custom touching the kind of grade that ordinary traction and sprocket motors, respectively, are run on. It is clear that the witness was not competent to speak on the subject inquired of. The following question was propounded to the witness: "I will ask you to tell the jury, if you know, what the usual custom is with reference to the kind of grade ordinary traction and sprocket motors are run on;" to which he replied: "No, sir, I do not. If there is any standard grade for those motors, I do not know what it is." The whole subsequent examination of the witness on this subject shows that his knowledge, if any, was very limited, his answers being confined for the most part to telling how some other company operated, which this court has held is not permissible. *Richmond Locomotive Works* v. *Ford*, 94 Va. 627, 27 S. E. 509; *Southern Ry. Co.* v. *Mauzy*, 98 Va. 692, 37 S. E. 285.

We are further of opinion that the objection taken to the competency of the witness, J. W. Hawes, to speak as an expert, cannot be sustained. This witness was asked to tell the jury whether or not it was reasonably safe to operate a twenty-ton electric traction motor on a ten *per cent.* grade, equipped, as the motor in this case was, with brakes, and upon a track in the condition of the track in this case. Over the objection of the defendant, the witness was permitted to answer: "No, sir, to the best of my knowledge, I don't think it was."

The evidence is not satisfactory that this witness had sufficient knowledge of the subject to be considered an expert, but a trial court will not be reversed for allowing a witness to

testify as an expert, unless it appears clearly that he was not qualified, as the question of the qualification of the witness is largely in the discretion of that court. *Richmond L. Wks.* v. *Ford, supra.*

We are further of opinion that it was error to give instruction No. 2, asked for by the plaintiff. This instruction does not confine the plaintiff and the jury to the acts of negligence alleged in the declaration. It is also defective, in that it speaks of a preponderating probability, "if it exists in the minds of the jury," instead of saying "if the jury believe from the evidence."

The instruction is also erroneous because it conflicts with the rule repeatedly announced, that there must be affirmative and preponderating proof of the defendant's negligence to hold it liable. *N. & W. Ry. Co.* v. *Cromer,* 99 Va. 763, 40 S. E. 54; *N. & W. Ry. Co.* v. *Johnson's Admr.,* 103 Va. 787, 50 S. E. 268.

We are further of opinion that instruction No. 14, asked for by the plaintiff, was erroneous and should not have been given. This instruction is confusing and its meaning obscure. Its effect seems to be to tell the jury that it was the duty of the defendant to provide brakes which were sufficient to guard the plaintiff's intestate against his own negligence. The only other view that can be taken of the instruction is, that it creates a case of concurring negligence of the deceased and the defendant, which the law will not weigh or apportion. *C. & O. Ry. Co.* v. *Whitlow,* 104 Va. 90, 51 S. E. 182; *Southern Ry. Co.* v. *Forgey,* 105 Va. 599, 54 S. E. 477.

We are further of opinion, that in view of the salient facts established by the record, no verdict could be rightfully found for the plaintiff, under any instructions. It was, therefore, error for the circuit court to refuse to set the verdict aside as contrary to the law and the evidence.

It appears that the defendant company was conducting a coal mining operation at Dante, in Russell county, and in connec-

tion therewith operated an electric railway between the mines and the Lake Erie Railroad. The first 1,900 feet of this electric railway, beginning on the mountain at the mouth of the mine, was a ten *per cent.* grade; the following 600 feet a five to seven *per cent.* grade; and tapering off rapidly from that to a level. The plaintiff's intestate was an employee of the defendant, and is shown to have been an experienced and intelligent motorman. It was intended to use a "sprocket motor" on the heavy grade —the third rail which was laid was notice of that. The defendant had purchased a twenty-ton sprocket motor, and also a twenty-ton traction motor. A short time before the accident the traction motor arrived, and was put to work in charge of the plaintiff's intestate, as motorman, hauling from the mines. There is no evidence tending to prove that this motor, or anything about it, was out of order, or that anything was out of order with the railway track anywhere within more than a mile of the place of accident. The wheel brake is shown to have been in perfect condition immediately after the accident, and to have remained so for many months thereafter, controlling the motor over the same track with a heavier load than that carried by the intestate. The motor is shown to be capable of carrying on the track nineteen tons over its ten *per cent.* grade.

On the occasion of the accident, the deceased was leaving the mines with a load of not more than 8,600 pounds. By his failure to apply the brakes sufficiently, the car got beyond his control, when he jumped off and was killed.

The theory of the plaintiff is that a "sprocket motor" alone could have been used with safety on a ten *per cent.* grade, and that it was negligence to use a traction motor on that grade. The evidence does not sustain this view. Without, however, discussing the evidence, it is sufficient to say that whatever danger may have attended the use of the traction motor was a risk assumed by the deceased, with full knowledge of all the facts. Every fact which it is claimed contributed to the accident appears to have been as fully known to the deceased as it

was to the defendant. The deceased knew that he was undertaking to operate a traction motor. The uncontradicted evidence shows that he was fully instructed in every detail of such operation by a highly competent and experienced expert, under whose immediate supervision he ran the motor time and again up and down the road; that under this instructor he stopped the motor and started it, applied and released the brakes, and tested its operation generally; and that when his attention was especially called to the grade, he said he had not run on a ten *per cent.* grade, but had run on one nearly as heavy. He was cautioned to make repeated examinations of the motor, and to report anything that might be wrong.

A servant, when he enters the service of the master, assumes all the ordinary risks of such service, and also, as a general rule, assumes all risks from causes which are known to him, or should be readily discernible by a person of his age or capacity, in the exercise of ordinary care. *Robinson* v. *Dininny,* 96 Va. 41, 30 S. E. 442; *Southern Ry. Co.* v. *Mauzy,* 98 Va. 692, 37 S. E. 285; *Big Stone Gap Iron Co.* v. *Ketron,* 102 Va. 23, 45 S. E. 740, 102 Am. St. Rep. 839.

When the employee is not placed by his employer in a position of undisclosed danger, but he is a mature man, doing the ordinary work which he has engaged to do, and whose risks are obvious to anyone, he assumes the risk of the employment, and no negligence can be imputed to the employer for an accident to him therefrom. Thomp. on Negligence, vol. 4, secs. 4688, 4609.

The judgment complained of must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial, if the plaintiff shall be so advised, to be had not in conflict with the views expressed in this opinion.

*Reversed.*