OLE LARSON *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

June 18, 1890.

Negligence—Connection between Neglect and Injury — Burden of Proof.—On the trial of an action wherein negligence upon the part of the defendant is charged, whereby plaintiff was injured, it is not only incumbent on the plaintiff to show by competent evidence that there was a breach or neglect of legal duty by defendant, but that the injury sustained by the plaintiff was the direct and natural result and consequence of such neglect or breach.   Mere surmise and conjecture that the negligence was the proximate cause of the injury is insufficient.

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns*, J., presiding, refusing a new trial.   The action was brought to recover $5,000 damages for personal injuries.

*Jens Jenswold, Jr.*, for appellant.

*White & Reynolds*, for respondent.

COLLINS, J.   Plaintiff, while in defendant's employ as a laborer upon a ditching-machine built upon a flat-car, received an injury for which he sought to recover damages in this action.   At the conclusion of the testimony the trial court dismissed the case.   This was correct, and the order appealed from, refusing a new trial, must be affirmed.   A description of the machine at this time would serve no good purpose, and the testimony as to how the plaintiff was injured was very indefinite and obscure.   He stood upon the car, endeavoring to turn, as directed to do by the foreman, a large cog-wheel, which was a part of the windlass upon one of the derricks.   In the absence of the crank ordinarily used for the purpose, plaintiff seized the spokes of the wheel with both hands, commenced to turn it, and in some way, plaintiff being unable to state exactly how, his thumb was caught between the cogs of the wheel he was turning and those of a smaller wheel into which they ran and matched, that the smaller might be put in motion.   The plaintiff must have known that the crank usually on the wheel was missing, and both wheels, with their cogs, were in plain sight.   The risks in handling such machinery were apparent and open to him, so that he knew them, or by the

exercise of ordinary care and ordinary observation should have known and understood them. He must have realized that injury would result if his hand should be drawn into the cogs as in turning the wheels they were brought in contact. The danger was obvious, and the risk was assumed by plaintiff when he undertook to move the large wheel by taking hold of its spokes.

But it is urged that plaintiff's hand was thrown into the cogs of the wheels because a rod, which, when in position, held the derrick in its proper place for service, at right angles with the floor of the car, had slipped out of position, and the derrick had revolved upon the pivot of its mast until its boom had swung around against the car, thereby jarring it, and throwing plaintiff off his balance. It was in evidence that this rod had previously and frequently become unfastened, and that this had occurred a short time before the accident. But, if there was any testimony tending to indicate that the displacement of the rod or the swinging of the boom caused the injury, or had anything to do with the catching of plaintiff's thumb in the cogs, it was altogether too vague and unsatisfactory upon which to base a verdict. It was a mere surmise upon plaintiff's part, arising, apparently, because he could not otherwise account for the accident. The upright mast, the boom suspended at an angle from it, and the stay-arm of the derrick—the arm being that part running from the top of the mast to the uppermost end of the boom—were heavy timbers framed and solidly bolted together, and the windlass, with its wheels, was a part of the mast, revolving with it, of course. As the boom came towards the car, and consequently towards the plaintiff, the wheels turned from him with the mast. The derrick was of great weight, and undoubtedly did, as plaintiff's witness testified, approach the car gradually. There was no claim that plaintiff was hit by the rod as it fell, or by the boom, or by any other part of the derrick; nor could this have occurred, owing to the manner in which the ditching-machine was constructed upon the car. It was not only incumbent upon the plaintiff to show by competent evidence that there was a breach or neglect of legal duty by defendant, but that the injury he sustained was the direct and natural result and consequence of such neglect or breach, and in this the plaintiff failed. To say

that the only negligence complained of—the dropping of the rod and the swinging of the boom—was the proximate and efficient cause of the injury, or that it was the result or consequence of either, would be mere surmise and conjecture, based solely upon the fact that the rod became unfastened, whereby the boom swung. Such a conclusion would not have been supported by the testimony.

Order affirmed.