# Richmond.

SOUTHERN RAILWAY COMPANY v. HALL'S ADMINISTRATOR.

DECEMBER 3, 1903.

Absent, Buchanan, J.*

1. NEGLIGENCE—*Burden of Proof—Proof Required—Case at Bar.*—A party who affirms negligence as the basis of an action must establish it by competent evidence. The proof need not be the direct and positive evidence of an eye-witness, but it must be such as to satisfy reasonable and well-balanced minds that the injury complained of resulted from the negligence of the defendant. In the case at bar the evidence was not of this character. No one saw the decedent when he was killed. He was walking along the railroad track with two companions who separated from him, and a few minutes thereafter a freight train passed, going in the same direction. The track was straight for one hundred and fifty yards, the night was bright, and a headlight on the engine illumined the track for the distance mentioned. It was on an up grade, and the train could have been easily stopped within forty or fifty yards. The next morning decedent's dead body was found lying by the side of the track a short distance from where he was last seen so bruised as to indicate that he had been struck by a passing train. The engineer testified that he never saw him. There being no other proof of negligence on the part of the defendant, this was held to be insufficient.

Error to a judgment of the Circuit Court of the city of Lynchburg, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Judge Buchanan was detained at home by sickness.

*Horsley & Blackford,* for the plaintiff in error.

*Don P. Halsey* and *A. W. Nowlin,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

On the night of the 25th of February, 1901, between the hours of 8 and 9 o'clock, William Hall, in company with three other men, went from Lynchburg to a point on the Southern Railway track known as the "Plow-Works Crossing." Here they parted; Hall going south along the railway track toward his home, which was a short distance outside the corporate limits of the city of Lynchburg, and about 50 yards east of the railway track. This appears to have been the shortest and most direct route from Lynchburg to his home, and was daily used by him in passing between the two points. This route along and over the railway track was constantly used by numbers of people living in the suburbs of Lynchburg, and in the same vicinity with Hall, who passed there at all hours of the day and night, and had done so for many years. When Hall parted with his three companions at the Plow-Works Crossing, they went down and across the canal, which is parallel with the Southern Railway track at that point, and got upon the track of the Chesapeake & Ohio Railway, which runs along the opposite bank of the canal, and started in the same general direction with Hall, but a short distance behind him. These three men—two McCormicks and one Bryant—are the only persons who testify with respect to Hall's movements after they parted. They appear to have been in sight and hearing, the roads not being more than 60 feet apart, with the Southern elevated considerably above the Chesapeake & Ohio. The testimony shows that, within a few minutes from the time of their parting, a freight train, consisting of fourteen or more cars, drawn by one engine, and pushed by another, came along on the Southern Railway, going in the same direction that Hall was going. It appears

that, going south from Lynchburg, the direction taken by Hall, the track was straight for a distance of several hundred yards, and a heavy up grade; that it was a bright night, and, in addition to the natural light, the track was illuminated for the whole distance from the train to and beyond Hall by the headlight of the engine, so that any object on the track within that distance could be readily seen. The speed of the train is estimated at from six to twenty miles an hour. This, however, is not material, as it appears that, at the maximum rate mentioned, the train could have been easily stopped within forty or fifty yards.

The next morning Hall's dead body was found lying by the side of the track, a short distance from where he was last seen, so bruised about the back of the head and shoulders as to indicate that he had been killed by a passing train. Thereupon this suit was instituted by Hall's administrator, alleging that his intestate had come to his death in consequence of the negligence of the plaintiff in error in running the train mentioned, and seeking to recover damages therefor. The trial resulted in a verdict in favor of the plaintiff for $3,000, which the judge of the Circuit Court declined to set aside, and we are now asked to review that judgment.

The case proceeded in the lower court upon the theory that, notwithstanding the contributory negligence of the deceased in failing to keep a lookout for his own safety and protection, the defendant company was liable if the engineer, in the exercise of ordinary care and diligence in keeping a lookout, could have discovered the peril of the deceased in time to have avoided the accident. In the opinion of this court, the case had never reached the stage where the contributory negligence of the deceased, and the liability of the company, notwithstanding such contributory negligence, were material or proper considerations. The party who affirms negligence must establish it. This is a rule which ought never to be lost sight of. Bailey on Personal Injuries, section 1674. We are of opinion that the negligence of the

railroad was not established. Indeed, there was a total lack of evidence upon which the jury could base a verdict predicated upon the negligence of the defendant company. The two McCormicks and Bryant did not see Hall when he was struck by the train. When they last saw him he was twenty-five or thirty yards from the point where he was found dead, and the train was then 150 yards or more in his rear. After this last sight of Hall by these three witnesses, there is not a single known fact as to how the accident occurred. All is conjecture and speculation.

It is not safe to say, because the deceased was found lying by the side of the railroad track, killed evidently as the result of collision with a train, that it was due to the negligence of the employees of the railroad. It may have been entirely the result of his own negligence. Notwithstanding the illuminated condition of the track, the engineer says he never saw Hall, and did not know he had been killed until told of it the next day at Danville. With the train 150 yards or more in his rear when last seen, Hall may have been on the pathway at the side of the railroad, or in some other position of safety, and attempted to cross the track, for some reason, when the engine was so close that the engineer could not see him, or, seeing him, could do nothing to save him from his own negligence. Or it may be that after the engine passed he moved too near to the train, and was struck by one of the cars. Indeed, other theories might be suggested in explanation of the accident, but in such cases we are not permitted to indulge in conjecture and speculation. The burden is upon the plaintiff to make out his case, which is in the first instance to establish the negligence of the defendant by affirmative evidence, which must show more than a probability of a negligent act.

"The proof need not be direct and positive, by some one who witnessed the occurrence and saw how it happened, but it must be such as to satisfy reasonable and well-balanced minds that it resulted from the negligence of the defendant."

"Every party to an action at law has a right to insist upon a verdict or finding based upon the law and the evidence in the case, and not, in the absence of evidence, upon mere inference and conjecture."

"When liability depends upon carelessness or fault of a person or his agents, the right of recovery depends upon the same being shown by competent evidence, and it is incumbent upon such a plaintiff to furnish evidence to show how and why the accident occurred—some fact or facts by which it can be determined by the jury, and not be left entirely to conjecture, guess, or random judgment upon mere supposition, without a single known fact."

*Sorenson* v. *Menasha Paper Co.* 56 Wis. 338, 14 N. W. 446; *C. & O. R. Co.* v. *Sparrow,* 98 Va. 630-640, 37 S. E. 302; *Norfolk & Western R. Co.* v. *Cromer,* 99 Va. 763, 40 S. E. 54.

An inference cannot be drawn from a presumption, but must be founded upon some fact legally established. Bailey on Personal Injuries, sec. 1675.

In this view of the case, it is not necessary to consider other questions raised and discussed at bar. The judgment complained of must be reversed, the verdict set aside, and the cause remanded for a new trial to be had, not in conflict with the views expressed in this opinion.

*Reversed.*