# Richmond.

## Northington by, &c. v. Norfolk Railway & Light Company.

### February 10, 1904.

1. Appeal and Error—*Two Trials—Rule of Decision.*—Where there have been two trials of a case and the verdict on the first trial has been set aside, the statute expressly provides that upon a writ of error the rule of decision in the appellate court shall be that the appellate court shall "look first to the evidence and proceedings on the first trial, and if it discovers that the trial court erred in setting aside the verdict on that trial, it shall set aside and annul all proceedings subsequent to said verdict and enter judgment thereon." Acts 1891-'2, p. 962.

2. Negligence—*Proof Required—Probability—Case at Bar.*—In an action to recover damages for an injury alleged to have been inflicted by the negligence of the defendant, the plaintiff must show more than a probability of actionable negligence on the part of the defendant. If there is no reliable, substantial evidence to support a verdict for the plaintiff in such an action it should be set aside. In the case at bar, the plaintiff alleged that she was thrown from the defendant's street-car "just as soon as the car started." In a receipt given by her to the defendant she admits that the injury was inflicted as a result of stepping from a moving car. Her statement on the trial in conformity with the charge in her declaration is contradicted by two out of the four witnesses examined in her behalf, and by four disinterested witnesses examined on behalf of the defendant, as well as by the report of the accident made by the conductor of the street car which was brought out by the plaintiff on the cross-examination of one of defendant's witnesses. Under such circumstances a verdict for the plaintiff should be set aside.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Hugh Gordon Miller* and *Daniel Coleman,* for the plaintiff in error.

*Richard B. Tunstall,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The plaintiff in error, Anna Northington, brings this case here to review a judgment of the Court of Law and Chancery of the city of Norfolk, setting aside the verdict of a jury, awarding damages in her behalf against the defendant in error, the Norfolk Railway and Light Company, in an action for personal injuries.

The status of the case is as follows: There were two trials in the court below. At the first trial the jury returned a verdict in favor of the plaintiff, which, upon motion of the defendant, was set aside as contrary to the law and evidence, and a new trial granted. At the second trial the plaintiff declined to introduce any testimony, and a jury having been waived, the court rendered judgment for the defendant.

In such case, by statute, the rule of decision is, that this court must "look first to the evidence and proceedings on the first trial, and if it discovers that the trial court erred in setting aside the verdict on that trial, it shall set aside and annul all proceedings subsequent to said verdict and enter judgment thereon." Acts 1891-'2, p. 962; *Wood* v. *Am. Nat. Bank,* 100 Va. 306, 309, 40 S. E. 931.

The declaration alleges that while the plaintiff was in the act of boarding one of the defendant's cars, at the intersection of Church and Henry streets, in the city of Norfolk, the car was suddenly and prematurely started, and the plaintiff was thrown to the ground with such violence that her leg was broken at or near the ankle.

The defendant denied liability upon two grounds: (1) Because the accident was caused by the negligence of the plaintiff in jumping from a car while in motion; and, (2) That in consideration of the payment of $50.00, and the doctor's bill for medical services rendered the plaintiff, she had acknowledged satisfaction, and executed and delivered a release of all claims and demands against the defendant on account of the injury.

Upon the question of negligence, the witnesses who testified on behalf of the plaintiff were the plaintiff herself, Mary Dean, her sister, Godfrey Watkins, and George Williams.   The accident happened on Church street, which runs north and south, at or near the corner of Henry street, which runs east and west; and the case made by the declaration and the contention of the plaintiff is, that she was thrown off "just as soon as the car started."   While the competing theory of the defendant is that plaintiff jumped off the car after it had gotten under way, and while in motion.   The ascertainment of the exact point at which the accident occurred is, therefore, of controlling importance.

Plaintiff testified that the car stopped to discharge and receive passengers at the southern corner of Henry street on Church street, and that she fell at the intersection of these two streets as soon as the car started, which, of course, fixes the place at which she fell as the *southern corner* of Henry street; and the testimony of Mary Dean is substantially to the same effect. Her witness, Godfrey Watkins, on the contrary, says explicitly that she was thrown from the car north of the *northern corner* of Henry street.   George Williams also, after making contradictory statements, finally, on cross-examination, settles upon the

*northern corner* of Henry street as the point at which plaintiff fell.    Thus the plaintiff and her sister were contradicted by two of her own witnesses on a most material point in the case; for if her version of the affair be true, that she was thrown off *at once* by the car starting prematurely, then the place where she fell could not have been north of Henry street, at which place the car was unquestionably in motion.    Upon that issue she was also contradicted by four of the defendant's witnesses—one of them the conductor of a trailer-car attached to the street-car, and three of them disinterested passengers—all of whom testified that the car had crossed Henry street and was in motion when plaintiff jumped off and received the injury.    It seems that Mary Dean had intended to board the car, but failed to do so, and the supposition is that when plaintiff discovered that her sister had been left behind, she jumped off in order to join her.

It also appears that in the receipt executed by plaintiff to the defendant for $50.00 in cash, and the amount of the doctor's bill, which were agreed to be accepted in full settlement and release of all claim to damages against the defendant, she admitted that the injury was the result of her stepping from a moving car.    It further appears from a contemporaneous report of the accident made by the conductor of the street-car *(produced on cross-examination of one of defendant's witnesses)* that the car was running at the rate of six or eight miles an hour when the plaintiff was injured.

In the case of *Preston* v. *Otey,* 88 Va. 491, 14 S. E. 68, it was held that a party's admission was so inconsistent with his contention that a verdict in his favor ought to be set aside as against the evidence.    And the court said, in the case of *N. & W. R. Co.* v. *Poole,* 100 Va. 148, 153, 40 S. E. 627:    "Where damages are claimed for injuries which may have resulted from one of two causes, for one of which the defendant is responsible and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was pro-

duced by the former cause. And he must also fail if it is just as probable that the damages were caused by the one as by the other, since the plaintiff is bound to make out his case by a preponderance of the evidence." *Searles* v. *Manhattan Ry. Co.*, 101 N. Y. 661, 5 N. E. 66; 1 Shear. & Red. on Neg., sec. 57; *C. & O. Ry. Co.* v. *Sparrow,* 98 Va. 640-641, 37 S. E. 302.

The rule in this class of cases is that the evidence must show more than a probability of actionable negligence on the part of the defendant; nevertheless the admission of the plaintiff and the testimony of two of her witnesses, Godfrey Watkins and George Williams, are so opposed to her own testimony and theory of the cause of the accident, that it is impossible for the court to determine with any degree of reliability which should be accepted as true. It is obvious, therefore, that any conclusion that might be reached in the case favorable to plaintiff would not be warranted by any certain evidence, but would be based upon conjecture merely.

Upon the first issue, in view of the contradictory, confused, and inconclusive character of the testimony of the plaintiff and her witnesses, without regard to the countervailing evidence of the defendant, the verdict of the jury was a plain deviation from justice and the right of the case. As remarked, there was no reliable, substantial, evidence to support the verdict, and the action of the court in setting it aside was without error.

The remaining ground of defence, as stated, is that plaintiff had received the sum of $50.00 and payment of the doctor's bill in satisfaction of all claims and demands against the defendant.

The settlement was made on July 26, 1901, and the action was not brought until April of the ensuing year. Plaintiff received the money and executed the release without any suggestion that she was a minor at that time. That contention was made for the first time when the action was instituted. While the evidence to sustain that issue is based upon the memory of unintelligent witnesses and is unsatisfactory, the view already

Opinion.

taken by the court of the other branch of the case renders a consideration of the second ground of defence unnecessary.

Upon the whole case, the judgment complained of is without error and must be affirmed.

*Affirmed.*