## Staunton.

### CHESAPEAKE & OHIO RAILWAY CO. v. HEATH.

September 29, 1904.

1. NEGLIGENCE—*Burden of Proof—Probability—Case at Bar.*—The party who affirms actionable negligence must establish it by proof sufficient to satisfy reasonable and well balanced minds. The evidence must show more than a probability of a negligent act. Moreover, if the injury complained of may have resulted from one of two causes, for one of which the defendant is liable, but not for the other, the plaintiff cannot recover. Neither can he recover if it is just as probable that the damage was caused by the one as by the other. In the case at bar there was a total failure to show how or why the fire, which is the foundation of the action, occurred. Its origin is a matter of uncertainty and conjecture, with the probability in favor of the view that it originated from the engine of defendant in error.

Error to a judgment of the Circuit Court of Albemarle county in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*A. K. & D. H. Leake,* for the plaintiff in error.

*D. Harmon* and *Beasley & Moon,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The defendant in error, Thomas S. Heath, instituted this action to recover of the plaintiff in error damages for the alleged negligent burning of his flour mill, while operating and running certain engines and cars on its right of way through the town of Scottsville.

The mill was found to be on fire about ten o'clock on the night of November 8, 1901. It had been closed that evening at six o'clock. Between the hours of 4:30 P. M. of that afternoon and 7:50 P. M., several trains passed the mill, the last arriving at 7:30, and leaving at 7:50 P. M. The mill in question was situated in the town of Scottsville, the south end of the main building being 86 feet north of the railroad track. Between the main building and the track there was a two-story shed or addition, used in connection with the mill, the south end of which was 66 feet north of the track. The mill was built of brick, and covered with slate, and the shed was covered with tin. A wooden spout, made of pine plank, which served to carry off the dust, chaff, etc., blown from the wheat by the separator, came through an attic window, and ran down the brick wall to the shed roof, and over the same to its outer edge. The mill was burning on the inside of the attic when the fire was first discovered. In the attic were several pieces of machinery, among them a smut machine, shown to be dangerous because of its liability to cause fire; and also a bran duster, which the plaintiff admits had on a former occasion caught fire from friction. There was also at the north end of the mill the plaintiff's own engine, fired with wood, and a stove with fire therein in the second story of the shed, which communicated with the mill, and was occupied by employees who slept there. At the time of the fire, the view of the plaintiff, expressed to a number of persons, was that the mill was set on fire by a hot box in one of the pieces

of machinery located in the attic. The theory upon which his case against the plaintiff in error rests is, that the wooden spout mentioned, which was the only exposed spot on the outside of the mill, had been set on fire by a spark from an engine which passed about two hours before the fire was discovered, and that this spout had thus become the avenue by which the fire was communicated to the inside of the building.

There was a verdict and judgment thereon in favor of the plaintiff which we are asked to review.

The first assignment of error is to the action of the court in giving certain instructions at the instance of the plaintiff, it being contended that, if correct as abstract propositions of law, the instructions were irrelevant and misleading because there was no evidence to support them.

The view taken of the case by this court is that there was a failure on the part of the plaintiff to make out a case entitling him to recover, and that it is, therefore, unnecessary to do more than consider the second assignment of error, which is to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence.

The party who affirms negligence must establish it by proof sufficient to satisfy reasonable and well balanced minds. The evidence must show more than a probability of a negligent act. An inference cannot be drawn from a presumption, but must be founded upon some fact legally established. This court has repeatedly held that when liability depends upon carelessness or fault of a person, or his agents, the right of recovery depends upon the same being shown by competent evidence, and it is incumbent upon such a plaintiff to furnish evidence to show how and why the accident occurred—some fact or facts by which it can be determined by the jury, and not be left entirely to conjecture, guess or random judgment, upon mere supposition, without a single known fact. *C. & O. Ry. Co.* v. *Sparrow*, 98

Va. 630-641, 37 S. E. 302; *N. & W. R. R. Co.* v. *Cromer's Adm'x.*, 99 Va. 763-765, 40 S. E. 54; *Southern R. R. Co.* v. *Hall's Adm'r.*, 102 Va. 135, 45 S. E. 867.

It is also well settled that when damages are claimed for injuries inflicted through the alleged negligence of the defendant, not only is the burden of showing negligence by a preponderance of the evidence upon the plaintiff, but if the injury may have resulted from one of two causes, for one of which the defendant is responsible, but not for the other, the plaintiff cannot recover; neither can he recover if it is just as probable that the damage was caused by the one as by the other. *N. & W. Ry. Co.* v. *Poole,* 100 Va. 148, 40 S. E. 627; *Northington* v. *Norfolk Ry. & Light Co.,* 102 Va. 446, 46 S. E. 475.

In the case at bar, there is a total failure to show how or why the fire occurred. The record suggests several sources, from either of which the fire might have arisen; but, to say the least, it is no more likely to have been caused by a spark from the defendant's engine setting fire to the wooden spout than from any one of the several sources shown to exist inside the mill where the fire was first seen. As to the origin of the fire, all is uncertainty and mere conjecture, and to hold that the plaintiff in error is responsible therefor would be the merest guess or random judgment, without a single known fact to support it.

We are therefore of opinion that the judgment complained of must be reversed, the verdict set aside, and a new trial awarded.

*Reversed.*