## Wytheville.

### Chesapeake & Ohio Railway Co. v. Whitlow.

June 15, 1905.

Absent, Keith, P.

1. Instructions—*Contradictory—Effect on Verdict.*—Where contradictory instructions on a material point in a case have been given, the verdict of the jury should be set aside as it cannot be said whether the jury were controlled by the one or the other.

2. Negligence—*Concurring Negligence of Plaintiff.*—If malaria, which is the foundation of an action, may have been caused as well by the condition of plaintiff's premises as by stagnant water on the premises of the defendant, it is error to instruct the jury to find for the plaintiff if they believe that the "stagnant water was the principal and substantive cause of the injury complained of, even though other causes may have contributed to a lesser extent." The law will not undertake to balance the negligence of the respective parties to ascertain which was most in fault. The plaintiff must prove by a preponderance of evidence that the injury complained of was occasioned by the fault or negligence of the defendant before the latter can be held liable therefor.

Error to a judgment of the Circuit Court of Fluvanna County in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*A. K.* and *D. H. Leake,* for the plaintiff in error.

*Daniel Harmon* and *F. C. Moon,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

This action was brought by George W. Whitlow against the Chesapeake and Ohio Railway Company to recover damages, caused by the negligence of the defendant company, the specific cause of complaint alleged being that the defendant company negligently allowed stagnant water, decayed vegetation, mud, etc., to accumulate and remain upon and along its right of way where it passes through the farm on which the plaintiff resides in the county of Fluvanna, in consequence whereof the plaintiff and his family became sick with malaria, etc.

There was a verdict in the lower court in favor of the plaintiff for $800, and a judgment thereon, which we are asked to review and reverse because of the action of the trial court in over-ruling the demurrer to the declarations filed by the plaintiff, for misdirection of the jury in the instructions given, and refusing the defendant company a new trial on the ground that the verdict is contrary to the law and the evidence.

The plaintiff with his family, consisting of his wife and seven children, moved upon a farm in Fluvanna county in 1898, and has since occupied it, the legal title to the farm being in the wife. The defendant company is the successor of the Richmond & Alleghany Railroad Company, and as such succeeded to the ownership of the property and franchises of the James River and Kanawha Canal Company, including the old canal which passes through the farm upon which the plaintiff resides, upon the tow-path of which the railroad track is laid, the residence of the plaintiff being about 100 to 140 yards therefrom. By the act of the assembly (*Acts*, 1878-'9, 119,) authorizing the R. & A. R. Company, the predecessor in title of the defendant company, to acquire the canal and convert it into a railroad, imposed upon the railroad company the duty to so drain the same as not to leave stagnant water by which the health of citizens along the line of the canal might be injuriously affected. That this duty was incumbent upon the defendant company is not denied; nor is it claimed by the plaintiff that prior to 1901 that duty was neglected.

In July and August, 1901—that year and the two years following being very wet—the plaintiff's wife complained to the employees of the defendant company that the canal was not properly drained, and that her family were made sick with malaria in consequence of such negligent drainage, and thereupon the supervisor of that part of the railroad track had it gone over and drained properly, as he thought, but not sufficiently, as the plaintiff claims. Wherefore the plaintiff brought suit covering the period from August 11, 1901, to August 11, 1902, and subsequently brought another suit covering the period from November 11, 1902, to November 11, 1903, and by consent these suits were merged into one, so as to embrace these two periods, and tried as one case, with the result above stated.

The demurrer to the declarations was not urged in the oral argument here, and we deem it only necessary to say with reference thereto that the court is of opinion that the declarations and each of the counts contained therein set out sufficiently and clearly a good cause of action.

Upon its plea of not guilty, the defendant company relied upon the theory, which appears to be a concession in the case, at all events the evidence in support of the theory is not contradicted, that malaria is caused by the bite of a mosquito of the genus *anopheles,* which itself must have become infected by sucking the blood of a patient suffering from the disease, thereby taking into its system the malarial parasite, and that at least the insect itself might just as well have been propagated on the premises of the plaintiff as in the old canal bed.

While the evidence showed that the plaintiff and his family suffered from malaria during the periods mentioned, and had suffered from it before, and that the conditions in the canal bed were sufficient for the propagation of the malarial insect, it also tended to show, that the conditions on the plaintiff's own low-grounds, about his spring and about an excavation made near his dwelling for an icehouse, were equally, if not more, favorable for the development of the malarial mosquito than the conditions about the canal bed.

The defendant company asked for five instructions, all of which were given as asked, except the third, and this was also given with a modification, this modification constituting the defendant company's first bill of exceptions. This instruction, as given, is as follows, the modification or addendum appearing in italics:

"The court instructs the jury that if they believe from the evidence that the sickness which the plaintiff claims to have suffered may as well have resulted from other causes as from stagnant water in the canal bed, then they must find for the defendant, *unless they should believe from the evidence that the said stagnant water was the principal and substantive cause of the injury complained of even though other causes may have contributed to a lesser extent in which case they shall find for the plaintiff.*"

Among the other instructions given for the defendant company is No. 5, which is as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff, by his own negligence, suffered or permitted stagnant water to remain *in* upon his own premises, which did contribute in any degree to cause the sickness of which he claims to have suffered, then they must find for the defendant."

The jury were also instructed that if the defendant company had used reasonable and prudent means to keep the canal bed drained, and to prevent the accumulation of stagnant water therein, they should find for the defendant, even though they may believe that by the exercise of greater care and skill, better and more efficient methods might have been employed to accomplish such purposes. So that we have, as it appears to us, in instruction No. 3, as modified, an instruction not only inconsistent with other instructions, but directly contradictory of instruction No. 5, thus constituting an error which may not be cured by other instructions given, as it cannot be said in such a case whether the jury were controlled by the one or the other.

*N. & W. Ry. Co.* v. *Mann,* 99 Va. 187, 37 S. E. 849; *Winchester* v. *Carroll,* Ibid 745, 40 S. E. 37; *Va. & N. C. Wheel Co.* v. *Chalkley,* 98 Va. 62, 34 S. E. 976; *Richmond Pass. & Power Co.* v. *Steger,* 101 Va. 319, 43 S. E. 612, and authorities there cited.

Instruction No. 3, as asked, was a plain statement of the law applicable to one aspect of the company's evidence not covered by other instructions, and the modification or addendum thereto is a misapplication to the case of the doctrine of *concurrent* negligence, viz: where concurrent negligence of two persons injures a third person, the person injured can recover of either or both; or, if the concurrent or successive negligence of two persons combined results in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury. As illustrative of the application of this doctrine to the case at bar, counsel for the plaintiff say that "if two parties, acting entirely separately and independently, each create a separate pond of stagnant water, both of which concur in causing sickness to a third party, then either separately or both jointly are liable for the injury sustained, and in an action against one alone he could not plead in defense the concurrent act of the other."

The doctrine invoked is undoubtedly well established, and the deduction drawn therefrom is, in the abstract, sound, but neither are applicable to this case.

The case here falls under that class sanctioning the rule as stated by all text-writers, that where damages are claimed for injuries which may have resulted from one of two causes, for one of which the defendant is responsible, and for the other of which he is not responsible, the plaintiff must fail if his evidence does not show that the damages are produced by the former cause. And he must also fail if it is just as probable that the damages were caused by the one as by the other, since the plaintiff is bound to make out his case by a preponderance

of the evidence.    *N. & W. Ry. Co.* v. *Poole,* 100 Va. 148, 40 S. E. 627; and authorities there cited.    *A fortiori* he must fail if the damages resulted wholly from his own negligence; and if from his negligence of a greater or lesser degree concurring with that of the defendant, the law will not recognize a gradation of the fault and he still must fail.

Conceding the negligence of the defendant company in not keeping the old canal bed properly drained, thereby causing conditions from which malaria might be contracted, there was, as we have seen, evidence tending to show that the conditions on plaintiff's own premises were such that the sickness of which he complains may as well have been caused thereby as by the conditions in or along the old canal bed, yet instruction No. 3, as given, authorized the jury to find for the plaintiff even though they believed that such was the condition of plaintiff's premises, thus directing them to balance the negligence of the parties and to determine which was the more at fault—leaving them to "conjecture, guess, or random judgment upon mere supposition."

"The court will not undertake to balance the negligence of the respective parties for the purpose of determining which was most in fault.    The law recognizes no gradation of fault in such cases."    *Richmond Traction Co.* v. *Martin,* 102 Va. 205, 45 S. E. 886.

It is not sufficient that the plaintiff show that the malaria causing himself and family sickness may as well have been caused by the condition of the old canal bed as by the conditions existing upon his own premises.    If the evidence, as the jury might have concluded, showed that it is just as probable that the damages were caused by the condition of his own premises, the plaintiff could not recover, since by a preponderance of the evidence showing that the defendant company's negligence caused the injury he must alone recover and not by conjecture or inference on the part of the jury as to whether the malaria causing the same arose from the canal or from the premises of the plaintiff.

"An inference cannot be drawn from a presumption, but must be founded upon some fact legally established."

"Every party to an action at law has a right to insist upon a verdict or finding based upon the law and the evidence in the case, and not, in the absence of evidence, upon mere inference and conjecture when liability depends upon carelessness or fault." *So. Ry. Co.* v. *Hall,* 102 Va. 135, 45 S. E. 867.

It follows from what has been said that instruction No. 3, as asked by the defendant company, correctly stated the law, and should have been given without the modification or addendum thereto, and having reached this conclusion it is unnecessary to consider the other assignment of error as to the sufficiency of the evidence to sustain the verdict.

The judgment of the Circuit Court will therefore be reversed, the verdict of the jury set aside, and the cause remanded for a new trial to be had in accordance with this opinion.

*Reversed.*