## McDONNELL v. METROPOLITAN BRIDGE & CONSTRUCTION CO.

(Supreme Court, Appellate Division, Second Department.   March 19, 1909.)

1. MASTER AND SERVANT (§ 129*)—INJURIES TO SERVANT—PROXIMATE CAUSE.
   Where the mast of a derrick was being erected with supporting timbers on each side, and after the mast had been set up, and one of the supporting timbers attached to it, decedent climbed the mast to attach the other timber to it, when both were knocked over by the supporting timber, which was being raised, falling over against the timber already attached, breaking it in three pieces, one of which struck and killed decedent, even if the latter timber was rotten in the center, such defect was not the proximate cause of the accident, since the same result might have happened if the timber had been sound.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257, 258; Dec. Dig. § 129.*]

2. MASTER AND SERVANT (§ 265*) — INJURIES TO SERVANT—ACTION—BURDEN OF PROOF—PROXIMATE CAUSE OF INJURY.
   One suing for a servant's death must prove that the negligence complained of proximately caused the accident resulting in intestate's death, and such fact must be proved by evidence, and cannot be left to conjecture.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 879; Dec. Dig. § 265.*]

3. MASTER AND SERVANT (§ 227*)—INJURIES TO SERVANT—MASTER'S LIABILITY—CONTRIBUTORY NEGLIGENCE.
   If a servant's death by the falling of a derrick was due to his own negligence his employer would not be liable.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 668; Dec. Dig. § 227.*]

4. MASTER AND SERVANT (§ 177*)—FELLOW SERVANTS—NEGLIGENCE.
   If the falling of a derrick by which a servant was killed was due to the negligence of fellow servants, the master would not be liable.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 352; Dec. Dig. § 177.*]

5. MASTER AND SERVANT (§ 97*)—INJURIES TO SERVANT—MASTER'S LIABILITY—UNAVOIDABLE ACCIDENT.
   If the falling of a derrick by which a servant was killed was an unavoidable accident, the master would not be liable for his death.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

   Hirschberg, P. J., dissenting.

Appeal from Trial Term, Queens County.

Action by Annie McDonnell, as administratrix of the estate of James J. McDonnell, deceased, against the Metropolitan Bridge & Construction Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and BURR, JJ.

Lynn W. Thompson (Hector M. Hitchings, on the brief), for appellant.

George F. Hickey (M. P. O'Connor, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J. James J. McDonnell was employed by the defendant. On the 26th day of December, 1907, he was engaged with other employés of the said defendant in erecting a derrick. The derrick was composed of three heavy pieces of timber, one upright timber, known as the "mast," which was 12 inches wide by 12 inches thick, and two supporting timbers, known as the "stiff legs," which were 10 inches wide by 10 inches thick. The mast had been set up, and one of the stiff legs had been placed in position and secured to it, and the other stiff leg was being raised up to the top of the mast for the purpose of being so secured, when the whole structure fell, carrying McDonnell, who had been raised to the top of the mast for the purpose of fastening the stiff legs in place, down to the ground. After the fall of the derrick, the stiff leg which had been attached to the mast was found broken into three pieces, one of which had struck McDonnell in the head, causing his death.

The evidence introduced on the part of the plaintiff failed to establish that the fall of the derrick was due to any negligence on the part of the defendant. It was conceded that the only possible basis for such claim was that the stiff leg, which after the accident was found to be broken, gave evidences of dry rot in the center thereof. The weight of the evidence in the case was clearly to the contrary; but, conceding that there may have been sufficient evidence to make it proper to submit this question to the jury, it does not affirmatively appear that this was the proximate cause of the injury which resulted in McDonnell's death. The only witnesses called for the plaintiff who pretend to give an accurate account of the manner of the happening of the accident were Francisco Caulo and Giuseppe Sernicola. They both agree in substance in stating that the stiff leg which was being raised to the top of the mast fell over against the other stiff leg, bringing it and the mast down to the ground. The other witnesses called for the plaintiff admit that the first thing that attracted their attention was the crash or break as the derrick fell. The witnesses called for the defendant, who saw the accident, also testify that it was the swinging of the boom, and the stiff leg which was being raised into position, against the other stiff leg and the mast, which brought the whole structure to the ground.

As compared with the weight which the derrick was intended to lift, and which prior to the time of the accident it had safely lifted, the weight and consequent strain upon the mast and stiff leg then in position was insignificant. If the wood had been perfectly sound, precisely the same result might have followed which did follow in this case. The burden of proof that the negligence complained of was the proximate cause of the injury resulting in her intestate's death was on the plaintiff. This must be established by evidence, and cannot be left to surmise or conjecture. Larson v. St. Paul & Duluth R. R. Co., 43 Minn. 488, 45 N. W. 1096; C. & O. R. R. Co. v. Heath, 103 Va. 64, 48 S. E. 508; Kelsey v. Jewett, 28 Hun, 51; 1 Thompson's Com. on Neg. § 44.

It was pure speculation on the part of the jury that the defective timber (conceding it for the sake of the argument to be such) had

anything to do with the death of plaintiff's intestate. It was the fall of the structure, and not the breaking of the timber, which caused his death. The evidence strongly indicates that the fall of the derrick was caused by the negligence of McDonnell himself. Whether it was due to that, or to the negligence of his fellow servants, or whether it was an unavoidable accident, the defendant was not responsible for it. The plaintiff failed to establish either the negligence of the defendant, or the freedom from contributory negligence of her intestate, and the motion to dismiss the complaint should have been granted.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.