## Staunton.

NORFOLK AND WESTERN RAILWAY CO. v. WITT.

September 9, 1909.

1. MASTER AND SERVANT—*Negligence—Proof Required—Case at Bar.* Negligence must be established by affirmative evidence which must show more than a mere probability of a negligent act. The existence of negligence must not be left wholly to conjecture, but the evidence must be such as to satisfy reasonable and well balanced minds that the injury complained of resulted from the negligence of the defendant. Moreover, in seeking to charge a master, it must be borne in mind that he is not compelled to foresee and provide against that which reasonable and prudent men would not expect to happen. Nor can the negligence of the master be inferred from the mere occurrence of an accident by which his servant is injured. That fact alone does not raise even a *prima facie* presumption that the master has been guilty of negligence or a breach of duty to his servant. In the case at bar the evidence shows that the plaintiff's injuries resulted from a pure accident which could not have been anticipated or provided against by reasonably prudent men.

Error to a judgment of the Circuit Court of Tazewell county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*S. D. May* and *Henry & Graham,* for the plaintiff in error.

*W. H. Werth,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for personal injuries alleged by the plaintiff to have been sustained by him as a

result of the negligence of the defendant railway company. There was a verdict and judgment in favor of the plaintiff, which this writ of error brings under review.

In the view we take of the case it is only necessary to consider the last assignment of error which calls in question the action of the circuit court in refusing to set aside the verdict of the jury as contrary to the law and the evidence.

The record shows that two crews of section hands, near Maxwell station on the defendant's road, loaded a flat car, which formed part of a "work train," with worn rails which had previously been taken up from the track. The rails were 28 feet long, each weighing about 625 pounds. The last rail thrown upon the car was somewhat curved, so that it did not lie straight but slightly across the car. The plaintiff was a section hand working with one of the crews mentioned, and took an active part in the work of loading the rails on the car. When the car was loaded, the men of the two crews, including the foreman of each, boarded the train as it started, the conductor intending to stop further west to load some additional rails. The plaintiff says that he boarded the second car from the one he had helped to load, leaving a flat between him and the loaded car. He further says that he first sat for a while on the edge of the car, but that at the time of the accident he had gotten up and was standing on the same car, with his back toward the flat that had the rails on it, with his hat pulled down over his eyes to protect him from the cinders. When the train had proceeded about one quarter of a mile, at the usual rate of speed, at the entrance of a cut on a curve, the bent rail was thrown off the car by its motion in going around the curve, striking the bank of the cut and sweeping back over the train of cars, striking the plaintiff and knocking him under the cars, thus causing the injury complained of.

These are the salient facts upon which the defendant company is charged with negligence in causing the injury for which compensation is sought in damages.

The negligence of the master cannot be inferred from the mere occurrence of an accident by which his servant is injured. That fact alone does not raise even a *prima facie* presumption that the master has been guilty of negligence, or a breach of duty to his servant. Negligence of the master is an affirmative fact to be established by the injured servant. *Moore Lime Co.* v. *Johnson,* 103 Va. 84, 48 S. E. 557.

Every party to an action at law has a right to insist upon a verdict or finding based upon the law and the evidence in the case, and not, in the absence of evidence, upon mere inference and conjecture. *Southern Ry. Co.* v. *Hall,* 102 Va. 135, 45 S. E. 867.

Negligence must be established by affirmative evidence, which must show more than a mere probability of a negligent act. The existence of negligence must not be left wholly to conjecture, and, in determining whether or not an act or omission of the master was negligent, it must be borne in mind that the master is not compelled to foresee and provide against that which reasonable and prudent men would not expect to happend. *N. & W. Ry. Co.* v. *McDonald,* 106 Va. 207, 55 S. E. 554.

In the case at bar, the grounds of the defendant's negligence are alleged to be that the conductor of the train failed to see that the rails were so loaded on the car that they would not fall off or get displaced by the motion of the car; that he failed to provide suitable and sufficient standards to hold the rails on the car; that no precautionary measures were taken to secure the bent rail, which would not lie flat or parallel with the other rails and was, therefore, more easily displaced by the motion of the car; that the train was started so quickly after the loading that the men did not have time to secure the safety of the load; that the bent rail should have been straightened before it was put on the car; that no instruction or warning was given the plaintiff as to the dangers to be apprehended from doing the work; and that it was negligence to permit a boy of the plaintiff's age and experience to take part in such work.

The evidence fails to sustain any one of these allegations. On the contrary, it is satisfactorily shown that the conductor of the train and both the foremen who had charge of the work of loading the rails were experienced and cautious men who understood the work in hand; that the rails were loaded in the usual and ordinary way in which such work was generally done; and that there was nothing in the way the rails were loaded to suggest to them danger, even the probability, of an accident. It further appears that the car was equipped with a sufficient number of iron standards, such as are generally used for hauling heavy iron rails, to hold the load under the ordinary and usual circumstances attending the execution of such work; that the train was started in the usual and ordinary way, some of the men jumping on as the train moved off. It is further manifest from the record that the starting of the train did not have the remotest connection with the accident. The testimony shows that the rails were properly loaded, and that there was nothing further for the men to do before the train moved off. Loading the rails was a very simple operation, consisting of lifting the rail with the hands and throwing it on the car, needing no instruction as to the method. Seeing it done was the best instruction, if any was wanted. It appears that all of the laborers were told by the foreman to be cautious.

There is no evidence tending to show that it was negligence for the defendant to employ the plaintiff, who was an efficient, intelligent young man, eighteen years of age.

We are of opinion that under the evidence adduced, the plaintiff was not entitled to recover. The evidence must be such as to satisfy reasonable and well balanced minds that the injury resulted from the negligence of the defendant. *Consumers Brewing Co.* v. *Doyle,* 102 Va. 399, 46 S. E. 390.

As said by this court in *N. & W. Ry. Co.* v. *Cromer,* 101 Va. 671, 44 S. E. 899: "The existence of negligence must

not be left entirely to conjecture, and courts cannot uphold the tentative conclusions of juries based upon no sure grounds of inference."

The evidence in the case at bar shows that the plaintiff's injuries resulted from a pure accident that was not to be anticipated or provided against by reasonably prudent men, and for which the defendant company cannot be held liable.

The judgment complained of must be reversed, the verdict set aside, and a new trial granted, if the plaintiff be so advised, to be had not in conflict with the views expressed in this opinion.

*Reversed.*