# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Dixie Peanut Co., Inc., v. Lewis' Administratrix.

### March 16, 1916.

1. MASTER AND SERVANT—*Injury of Servant—Presumption—Proof of Negligence.*—The negligence of the master cannot be inferred from the mere occurrence of an accident by which his servant is injured. That fact alone does not raise even a *prima facie* presumption that the master has been guilty of negligence or a breach of duty to his servant. Negligence of the master is an affirmative fact to be established by the injured servant. The evidence in such case must show more than a mere probability of negligence, and it is not sufficient that it is consistent equally with the existence or non-existence of negligence. There must be affirmative and preponderating proof of defendant's negligence.

2. MASTER AND SERVANT—*Injury of Servant—Appliances—Defects—Notice to Master.*—In the case at bar, the plaintiff's intestate was killed by the fall of an elevator in consequence of a broken cable, but it is clear from the evidence that the defendant furnished safe and suitable machinery for the work that was being done, and competent employees to do such work, and that it had the machinery regularly inspected to see that it was in good order. It does not appear that the accident happened because of any defect in the elevator. If, however, it did so appear, there could be no recovery because the plaintiff has wholly failed to show that the defendant knew of such defect, or, in the exercise of ordinary care, ought to have known of its existence.

3. MASTER AND SERVANT—*Res Ipsa Loquitur Not Applicable.*—In cases between master and servant, the doctrine of *res ipsa loquitur* does not apply in the absence of proof of any negligence on the part of the master. In such cases the mere occurrence of an accident does not raise even a *prima facie* presumption that the master has been guilty of negligence, or of a breach of duty to his servant.

Error to a judgment of the Hustings Court of the city of Petersburg in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*George Bryan,* for the plaintiff in error.

*Gilliam & Gilliam,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the administratrix of Charles A. Lewis against the Dixie Peanut Company, Inc., to recover damages for personal injuries, resulting in death, alleged to have been caused by the negligence of the defendant company. The trial resulted in a verdict and judgment in favor of the plaintiff to which this writ of error was awarded.

There was a demurrer to the declaration, which we think was properly overruled. The record shows that the plaintiff's intestate was killed by the fall of a freight elevator that he was operating in the peanut factory of the defendant. The only witnesses of the accident were three colaborers of the deceased. These four men were, at the time, engaged in handling the raw peanuts as they were received in bags from the farmers on the first floor of the factory and carrying them to the fifth floor, by means of the elevator, and there distributing them for shelling and other treatment. The load consisted of two trucks with five bags of peanuts on each. When this load was landed at the fifth floor and disposed of, the elevator would return to the first floor for another load. It appears from the plaintiff's evidence that, at the time of the accident, the deceased and another laborer with two empty trucks boarded the elevator to descend from the fifth floor to the first; that the deceased, who was operating the elevator at the time, pulled the rope for the downward trip, when the elevator gave a "bang," "gave a little buzz," and shot to the basement. The evidence of the witnesses for the plaintiff fails to show or to even suggest the cause of the accident. Subsequent investigation showed that the cable,

which was three-quarters of an inch thick, composed of five plies, and made of the best material used for cable purposes, had broken, but why it broke, or that the break was due to any negligent failure of duty on the part of the defendant, was not shown.

The burden was upon the plaintiff to show that the accident was the result of the plaintiff's negligence. So far from sustaining that burden, the testimony of the plaintiff amounts to no more than proof that the accident happened, without any proof of ground for imposing upon the defendant liability therefor. The negligence of a master cannot be inferred from the mere occurrence of an accident by which his servant is injured. That fact alone does not raise even a *prima facie* presumption that the master has been guilty of negligence, or a breach of duty to his servant. Negligence of the master is an affirmative fact to be established by the injured servant. The evidence in such case must show more than a mere probability of negligence, and it is not sufficient that it is consistent equally with the existence or nonexistence of negligence. There must be affirmative and preponderating proof of defendant's negligence. *Moore Lime Co.* v. *Johnston,* 103 Va. 84, 48 S. E. 557; *Va. Coal & Iron Co.* v. *Kiser,* 105 Va. 695, 54 S. E. 889; *Jacoby* v. *Williams,* 110 Va. 55, 65 S. E. 491; *N. & W. Ry. Co.* v. *Witt,* 110 Va. 117, 65 S. E. 489.

The uncontradicted evidence in the instant case shows that the elevator in question was a first-class machine, as good as any freight elevator on the market, and was in general use. It further shows that it was regularly inspected by an expert, who had no connection with the defendant, three or four times a year, to see that it was in good order, and that this expert examined it within a few weeks prior to the accident. It is further shown that an intelligent employee of the defendant, who was acquainted, from long experience, with the construction and operation of elevators, examined it two or three times a week to see that it was in good working condition. The re-

sult of these investigations was that up to the time of the accident no defect was discovered, but the elevator was found to be in good working order. The evidence further shows that while the plaintiff's intestate was not, at the time, the regular operator of the elevator, he was an unusually intelligent man, with considerable experience in operating the same, which was a very simple matter, consisting of pulling one rope to go up and another to go down.

It is clear from the evidence that the defendant furnished safe and suitable machinery for the work that was being done, and competent employees to do such work, and that it had the machinery regularly inspected to see that it was in good order. It does not appear that the accident happened because of any defect in the elevator. If, however, it did so appear, there could be no recovery in this case, because the plaintiff has wholly failed to show that the defendant knew of such defect, or in the exercise of ordinary care ought to have known of its existence. *Virginia, &c., Wheel Co.* v. *Chalkley,* 98 Va. 62, 34 S. E. 976; *Am. Locomotive Co.* v. *Chalkley,* 113 Va. 485, 75 S. E. 90. So far as the plaintiff's evidence shows, the occurrence was a pure accident for which no liability rests upon the defendant.

As the case must, under our practice, go back for a new trial, if the plaintiff be so advised, it is necessary to consider instruction eight, given by the court over the objection of the defendant. This instruction told the jury that, "where a thing is shown to be under the management of defendant, as was the case of the elevator and appliances in question, and the accident was such as, in the ordinary course of things, does not happen, if those who have the management use proper care, it affords reasonable evidence in the absence of an explanation by the defendant, that the accident arose from the want of care." Under the facts of the case before us this was error. The plaintiff had failed to show that the defendant was guilty of any negligence, and the instruction, in effect, invoked and ap-

plied the doctrine of *res ipsa loquitur;* whereas, this court has repeatedly held, as already seen, under similar circumstances, in cases between master and servant, that the mere occurrence of an accident does not raise even a *prima facie* presumption that the master has been guilty of negligence or of a breach of duty to his servant. *Moore Lime Co.* v. *Johnston, supra,* and other cases already cited.

For these reasons, the judgment complained of must be reversed, the verdict of the jury set aside, and a new trial granted, to be had not in conflict with the views expressed in this opinion.

*Reversed.*